*In re* DODGE ESTATE

Docket No. 83736. Submitted November 7, 1986, at Detroit. Decided July 27, 1987. Leave to appeal applied for.

Frances Manzer Mealbach filed petitions in the Wayne County Probate Court for the determination of heirs in the matter of the estate of John F. Dodge, deceased, and for the production and inspection of adoption records. The probate court, J. Robert Gragg, J., granted an accelerated judgment to the respondent heirs of the children of John F. Dodge on Mrs. Mealbach's petition for determination of heirs. Petitioner appeals from that order and another order dismissing her petition for production and inspection of adoption records as moot.

The Court of Appeals *held:*

1. A petition for determination of heirs does not, in itself, state a cause of action. A cause of action or claim to a portion of an estate must be pending in order to invoke the authority of the probate court to make a determination of heirs under MCL 700.183, 700.184; MSA 27.5183, 27.5184. Mrs. Mealbach's petition is, as the probate judge determined, one for rehearing of the court's earlier order of partition.

2. The probate court's order of partition of October 20, 1980, was final for the purpose of a motion under GCR 1963, 528.2. Since Mrs. Mealbach's petition for rehearing was filed more than four years after the probate court's final judgment, it was untimely under GCR 1963, 528.2, which contains a one-year period of limitation within which any defendant over whom personal jurisdiction was necessary and acquired but who did not in fact have knowledge of the pendency of the action may enter his appearance and seek relief from the judgment or

REFERENCES

Am Jur 2d, Adoption § 12.7.

Am Jur 2d, Appeal and Error §§ 760 *et seq.*

Am Jur 2d, Descent and Distribution §§ 48 *et seq.*

Am Jur 2d, Judgments §§ 699 *et seq.*

Tolling of time for filing notice of appeal in civil action in federal court under Rule 4(a)(4) of Federal Rules of Appellate Procedure. 74 ALR Fed 516.

Restricting access to judicial records of concluded adoption proceedings. 83 ALR3d 800.

order. The probate court's order of accelerated judgment is affirmed.

3. Since the order of accelerated judgment is affirmed, Mrs. Mealbach's contention that the need to prove her claim to the John F. Dodge estate is good cause for opening her adoption records must fail.

4. Since a psychological need to know what is contained in her adoption records may establish good cause, Mrs. Mealbach is entitled to a hearing to establish her claimed psychological need for the records. The issue is not moot since, without findings by the probate court on this matter, the Court of Appeals cannot say that the issue of the identity of her biological parents will not continue to affect her in some collateral way.

The order granting respondents an accelerated judgment on the petition for determination of heirs is affirmed. The order dismissing the petition for production of adoption records and birth certificate is remanded for a good cause hearing.

1. DESCENT AND DISTRIBUTION — DETERMINATION OF HEIRS — ACTIONS — JURISDICTION — REVISED PROBATE CODE.

A petition for determination of heirs does not, in itself, state a cause of action; a cause of action or claim to a portion of an estate must be pending in order to invoke the authority of the probate court to make a determination of heirs under the Revised Probate Code (MCL 700.183, 700.184; MSA 27.5183, 27.5184).

2. APPEAL — FINAL JUDGMENTS — ORDERS OF PARTITION OF ESTATE.

An order of partition of an estate is a final order which may be deemed a final judgment for purposes of appeal therefrom (MCR 5.801[C], GCR 1963, 528.2).

3. LIMITATION OF ACTIONS — RELIEF FROM JUDGMENTS — KNOWLEDGE OF ACTION.

A one-year period of limitation for seeking relief from a judgment or order applies to a defendant over whom personal jurisdiction was necessary and acquired but who did not in fact have knowledge of the pendency of the action (GCR 1963, 528.2).

4. APPEAL — MOOTNESS.

A question is not moot if it will continue to affect a plaintiff in some collateral way.

5. ADOPTION — RELEASE OF RECORDS — GOOD CAUSE.

A psychological need may establish good cause for the production

and inspection of adoption records (MCL 710.67; MSA 27.3178[555.67]).

*Williams, Schaefer, Ruby & Williams, P.C.* (by *James P. Cunningham*), for Frances Manzer Mealbach.

*Bodman, Longley & Dahling* (by *Louis F. Dahling, Joseph A. Sullivan* and *Charles N. Raimi*), for Joseph Freedman, Personal Representative of the Estate of Winifred Dodge Seyburn, and the Matilda R. Wilson Fund.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Henry M. Grix*), and *Thomas E. Owen,* of Counsel, for Edith Seyburn Quintana, Isabel Seyburn Harte, Winifred Seyburn Cheston and Suzanne Seyburn Meyer.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Raymond T. Huetteman, Jr., John F. Dykema* and *Terrence E. Haggerty*), for Fredericka Van Lennep Caldwell, John F. Van Lennep and Manufacturers National Bank of Detroit, as Trustee Under the Will of Frances Dodge Van Lennep.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Thomas E. Coulter, John D. Mabley* and *Timothy W. Hefferon*), for Mary Ann Dodge Danaher.

*Honigman, Miller, Schwartz & Cohn* (by *Charles Nida, Marguerite Munson Lentz* and *Susan D. Hoffman*), for Judith Johnson McClung.

*Barbier, Goulet, Petersmarck, Tolleson, Mead & Paige, P.C.* (by *Roy M. Tolleson, Jr.,* and *Robert D. Welchli*), for Frederick L. Van Lennep.

Before: Hood, P.J., and T. M. Burns and J. X. Theiler,* JJ.

Per Curiam. This is an appeal as of right from the Wayne County Probate Court's grant of accelerated judgment to the respondent heirs of the children of John F. Dodge on Frances Manzer Mealbach's petition for determination of heirs and from an order dismissing Mealbach's petition for production of adoption records. According to Mrs. Mealbach's pleadings, she is the previously unknown Siamese twin of Frances Matilda Dodge (Van Lennep) (also referred to as Mathilda), daughter of John F. Dodge and Matilda Rausch (Dodge).

As reported in a number of previous Michigan appellate decisions, John F. Dodge was an early and highly successful automobile manufacturer. He died testate on January 14, 1920. John F. Dodge's will was dated April 4, 1918. See *In re Dodge Trust,* 121 Mich App 527, 534; 330 NW2d 72 (1982), lv den 418 Mich 878 (1983). On March 20, 1922, the will was admitted to probate nunc pro tunc. See *Dodge v Detroit Trust Co,* 300 Mich 575, 592; 2 NW2d 509 (1942).

John F. Dodge's will is an eighteen-page document drafted by an attorney who was "able and experienced in the practice of probate law." *In re Dodge Trust, supra* at 540. It provides for a number of bequests and then directed that the balance of the estate be paid to John F. Dodge's. wife, Matilda Dodge, his brother, Horace Dodge, and the Detroit Trust Company as trustees. The will then directs that the proceeds of the trust be paid to specified persons (various relatives of John F. Dodge) and their heirs as long as any of John F. Dodge's children survive. Finally, the will directs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that upon the death of all the children of John F. Dodge, the trust is to be dissolved, with the corpus paid to the heirs of John F. Dodge's "said children," Winifred Dodge Gray, Isabella Cleves Dodge, Frances Matilda Dodge and Daniel George Dodge.

Winifred Dodge Gray (Seyburn), the first-born child of John F. Dodge, was also the last to die. Her death in 1980 operated to terminate the residuary trust created under the will. *In re Dodge Trust, supra* at 537. *In re Dodge Trust* resolved a controversy over the phrase "heirs of my said children" and affirmed the trial court's partition of the trust corpus.

On October 29, 1984, Frances Manzer Mealbach filed her petition for determination of heirs with the probate court. In that petition, Mrs. Mealbach alleged that she is an heretofore unknown and unascertained claimant, interested in the property which the deceased owned, including the corpus of the trust established under the will of John F. Dodge.

On December 14, 1984, Mrs. Mealbach filed a petition for production and inspection of adoption records and original birth certificate. In that petition, Mrs. Mealbach alleged that she was born on November 23, 1914. Upon the death of her father in 1967, she learned that she was an adopted child. In 1982, a copy of the birth certificate of Frances Dodge was erroneously sent to Mrs. Mealbach by the Michigan Secretary of State. The birth certificate stated that Frances Dodge was first in order of birth of twins. Mrs. Mealbach has had marks on the back of her head and the base of her neck all of her life. She recently obtained medical confirmation that the marks are surgical scars "consistent with the separation of Siamese twins at birth."

On December 17, 1984, Mrs. Mealbach filed an affidavit in support of her petition for determination of heirs. According to that affidavit, Mrs. Mealbach has dreams of being taken, as a young girl, to a very beautiful home to see a red-haired young woman who was ill in bed. In late 1982, Mrs. Mealbach was shown a book entitled "The Dodges" and recognized the home as that of John F. Dodge located at 43 Boston Boulevard in Detroit. As a child, Mrs. Mealbach remembers that a friend of her father was one Frank Upton. Mr. Upton was employed as a "secretary" by the Dodge brothers. He also served on the board of the Methodist Children's Home, from which Mrs. Mealbach's parents took foster children. Mrs. Mealbach recently learned that Frank Upton was appointed guardian for unascertained heirs in the original probate proceedings for the estate of John F. Dodge.

On February 15, 1985, accelerated judgment was granted to the respondents on Mrs. Mealbach's petition for determination of heirs. The probate court's opinion cited as grounds for accelerated judgment the doctrine of res judicata, GCR 1963, 528.3, regarding relief from judgment or orders, and the equitable doctrine of laches. A second order, issued the same day, dismissed Mrs. Mealbach's petition for production and inspection of adoption records as moot. Mrs. Mealbach appeals from those orders of the probate court. Judith Johnson McClung cross-appeals on the question whether summary judgment should also have been granted to the respondents for failure to state a claim upon which relief may be granted or for failure to raise a material issue of fact.

As one of the alternative grounds for its decision to grant accelerated judgment, the probate court found that the petition for determination of heirs

was essentially a petition for rehearing and was therefore barred by GCR 1963, 528.3, now MCR 2.612(C). Mrs. Mealbach argues that her petition was not one for rehearing and that, in any case, she was not personally notified and therefore falls within the exception provided in GCR 1963, 528.2, now MCR 2.612(B).

Mrs. Mealbach's first argument assumes that a petition for determination of heirs states a distinct cause of action within the Revised Probate Code. Thus, she essentially argues that, since there has been no prior determination of heirs within § 184 of the Revised Probate Code, MCL 700.184; MSA 27.5184, her petition is not one for rehearing despite the fact that an order of partition has been entered. Petitioner's assumption is erroneous.

The probate court, in its opinion granting accelerated judgment, appears to treat Mrs. Mealbach's claim as one ultimately for a share of the proceeds of the estate. At first blush, that does appear to be Mrs. Mealbach's objective. The petition for determination of heirs would appear to be merely a means to obtain a share of the estate. However, on appeal, Mrs. Mealbach appears to be arguing that even if she cannot now successfully claim a share of the estate she would still be entitled to a determination of heirs. The issue is one of first impression.

Section 183(1) of the Revised Probate Code provides:

> The court may determine the heirs and devisees in any matter before the court. [MCL 700.183(1); MSA 27.5183(1).]

The first thing to note about this provision is that the determination of heirs may be made in the course of "any matter before the court." If the

Legislature · intended to allow a petition for a determination of heirs to be a separate cause of action, there would be no need for the final phrase of § 183(1). It is a well-established rule of construction that every word of the statute must be given meaning and that no word should be treated as surplusage or rendered nugatory if at all possible. *Baker v General Motors Corp,* 409 Mich 639, 665; 297 NW2d 387 (1980).

Moreover, that a § 183 petition may not be sought as an end in itself is not only indicated by the literal language of § 183(1), but also by the parallel provisions of the Adoption Code. Sections 67 or 68 of the Michigan Adoption Code allow the discovery of the names of biological parents for good cause shown. MCL 710.67, 710.68; MSA 27. 3178(555.67), 27.3178(555.68). Thus, if Mrs. Mealbach's only objective is to determine whether John F. Dodge was her biological father, she could do so under the Adoption Code as she has in fact sought to do.

The Legislature is presumed to be aware of and to legislate in harmony with existing laws. *People v Cash,* 419 Mich 230, 241; 351 NW2d 822 (1984). The Legislature is therefore presumed to have been aware of the provisions of the Adoption Code in enacting the Revised Probate Code. It is difficult to imagine that, in view of the Adoption Code provisions, the Legislature intended to overlay a second mechanism by which an adopted child might attempt to ascertain her biological parents, much less that it would give such a mechanism the unlikely designation of "determination of heirs." The mechanism for determination of heirs would not only be redundant in these circumstances, but, also, rather awkward since adoptees would be joined in proceedings in which they have no real interest. Therefore, we conclude that a

petition for determination of heirs does not, in itself, state a cause of action, and that a cause of action or claim to a portion of an estate must be pending in order to invoke the authority of the probate court to make a determination of heirs under MCL 700.183, 700.184; MSA 27.5183, 27.5184. It thus follows that Mrs. Mealbach's petition is, as the probate judge determined, one for rehearing.

Mrs. Mealbach alternatively argues that, even if her petition is deemed one for rehearing, it falls within an exception to GCR 1963, 528.3:

> Any defendant over whom personal jurisdiction was necessary and acquired but who did not in fact have knowledge of the pendency of the action may, at any time *within 1 year* after final judgment, enter his appearance, and if he shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve him from the judgment, order, or proceedings as to which personal jurisdiction was necessary, on payment of such costs thereon or such creditors as the court deems just. [GCR 1963, 528.2.]

Here the probate court's partition order was entered on October 20, 1980, and Mrs. Mealbach's petition for determination of heirs was not filed until October 29, 1984. However, as Mrs. Mealbach points out, the probate court's order for partition of the trust corpus was appealed to this Court in *In re Dodge Trust, supra.* Leave to appeal from the Court of Appeals decision was denied by the Supreme Court on December 6, 1983. 418 Mich 878 (1983). Thus, Mrs. Mealbach would apparently argue that the running of the one-year period of GCR 1963, 528.2 was tolled during the appeal. This issue also is one of first impression.

The order of partition was a final order under PCR 801.3, now MCR 5.801(C). Thus, the partition order would properly be deemed a "final judgment," at least for the purposes of appeal. It is one thing to stay proceedings in a lower court during the pendency of an appeal. It is another matter to construe periods of limitation as tolled during those periods when the relief is obtainable in appellate courts. Thus, it has been said:

> For most purposes a judgment will be considered final and enforceable by appropriate writ as soon as it is entered, read, and signed in open court, notwithstanding a motion for new trial remains undisposed of, that the judgment is still subject to appellate review, or that an appeal is actually pending. A judgment is not "final" for some purposes, however, merely because execution may be issued on it, and it has been variously held that finality attaches to the judgment only at the end of the term of court at which it was entered, or at the end of a specified period of time after the date of its rendition, or after the time for filing motions to prevent entry of judgment has expired without such motions being filed, or, if filed, after they are determined. It has also been held that a judgment becomes final only after expiration of the time allowed by law for appeal therefrom, or, if an appeal is perfected, after the judgment is upheld in the appellate court, but this rule is inapplicable if the judgment is not subject to review. [49 CJS, Judgments, § 11, p 39.]

The seeming contradiction in this general statement of the law can be resolved by distinguishing between "finality" for the purpose of execution and "finality" for the purpose of judicial proceedings. A motion under GCR 1963, 528.2 is more closely analogous to the latter in that it directly affects only judicial proceedings, rather than an execution of the probate court's order. Accord-

ingly, we agree with the probate court judge that the probate court's order of October 20, 1980, was final for the purpose of a motion under GCR 1963, 528.2.

Since Mrs. Mealbach's petition for determination of heirs does fall within the provisions of GCR 1963, 528, and since it was filed more than four years after the probate court's October 20, 1980, final judgment, it is untimely. Therefore, the probate court's order for accelerated judgment is affirmed.[1]

Mrs. Mealbach also argues that the probate court erred in dismissing her petition for the production and inspection of adoption records and original birth certificate as moot in light of the accelerated judgment order. GCR 1963, 116, now MCR 2.116, does not specify mootness in the numerous grounds stated for accelerated judgment. Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure. *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). Under the well-established doctrine of *expressio unius est exclusio alterius,* express mention of one thing implies exclusion of similar things. *People v Lange,* 105 Mich App 263, 266; 306 NW2d 514 (1981), and cases cited therein.

This Court has held that an aspect of mootness is the court's ability to fashion appropriate and effective relief to resolve the alleged controversy. *Plumbers & Pipefitters Local Union No 190 v Wolff,* 141 Mich App 815, 818; 369 NW2d 237 (1985). It would therefore follow that a moot issue

---

[1] Because the probate court was correct in granting accelerated judgment under GCR 1963, 528, we need not consider the propriety of the probate court's alternative grounds for its decision, that the petition is barred by res judicata or laches. Nor do we need to consider Judith Johnson McClung's cross-appeal on the question of whether summary judgment should have been granted.

would fall within GCR 1963, 117.2(1), now MCR 2.116 (C)(8), since the opposing party has failed to state a claim upon which relief can be granted. However, it has also been held that a question is not moot if it will continue to affect a plaintiff in some collateral way. *Swinehart v Secretary of State,* 27 Mich App 318, 320; 183 NW2d 397 (1970), lv den 384 Mich 801 (1971), and cases cited therein.

Here Mrs. Mealbach argues that she has shown good cause for an order opening her adoption records. While her argument appears to be addressed to the requirement of MCL 710.67; MSA 27.3178(555.67) which specifies that adoption records shall not be open to inspection or copy except upon order of a court of record "for good cause shown . . . ," it is also applicable to the issue of mootness. Mrs. Mealbach argues that good cause is shown by her need to prove her claim to the John F. Dodge estate. She also contends that she has a psychological need to know. Because we have affirmed the probate court's order for accelerated judgment, Mrs. Mealbach's first contention that the need to prove her access to the estate is "good cause" must fail.

However, Mrs. Mealbach's second argument in favor of good cause is more substantial. Both this Court and the Michigan Supreme Court have held that psychological need may establish good cause. *In re Dixon,* 116 Mich App 763, 770; 323 NW2d 549 (1982), remanded for hearing 417 Mich 986 (1983). Mrs. Mealbach has pled an "intense" psychological need. Therefore, in accordance with *Dixon,* she is entitled to a hearing in which she may establish her psychological need for the records. Furthermore, without findings by the probate court on this matter, we cannot say that the

issue of the identity of Mrs. Mealbach's biological parents will not continue to affect her in some collateral way. Thus, the issue is not moot.

The probate court's order granting accelerated judgment in favor of the respondents on Mrs. Mealbach's petition for determination of heirs is affirmed. Mrs. Mealbach's petition for production of adoption records and birth certificate is remanded for a good cause hearing.