## *In re* HANSON

Docket No. 119366. Submitted October 16, 1990, at Detroit. Decided April 2, 1991, at 9:25 A.M.

Elaine F. Hanson filed a petition in the Wayne County Probate Court, seeking disclosure of information in her adoption records which would identify her biological parents, arguing that such information was necessary to establish her eligibility for membership in a North American Indian tribe and that she was entitled to that information pursuant to the federal Indian Child Welfare Act, 25 USC 1901 *et seq.* The probate court, Frances Pitts, J., denied the petition, holding that the federal act did not apply and that the petitioner had not demonstrated good cause for the release of the information. The petitioner appealed. During the pendency of the appeal, the petitioner secured the signed consent of her biological mother. The probate court released certain information as a result of the consent signed by the petitioner's biological mother, but the petitioner claims that she still lacks the official documentation necessary to establish tribal membership.

The Court of Appeals *held:*

In light of the express policy of the Indian Child Welfare Act to promote the best interests of Indian children and to promote the stability and security of Indian tribes and families, the petitioner has demonstrated good cause as a matter of law for the release of any information regarding her biological mother which could assist in establishing her tribal affiliation.

1. The Indian Child Welfare Act and the corresponding federal guidelines issued by the Bureau of Indian Affairs evidence a clear intent that state courts, in proceedings such as this, should assist adult Indian adoptees in establishing tribal membership in a manner consistent with any request for privacy of the biological parents. Where the consent of an adult Indian adoptee's living biological parents has not been obtained, the probate court, after seeking the assistance of the Bureau of Indian Affairs where necessary, should release iden-

REFERENCES

Am Jur 2d, Adoption § 12.7; Indians §§ 2, 3.
See the Index to Annotations under Adoption of Children; Indians.

tifying information to the appropriate tribe, not the adoptee, with a request that the information be kept confidential. In view of the biological mother's consent in this case, however, even the finding of good cause is unnecessary.

2. Remand is required so that the probate court can determine whether there is any further information or documentation concerning the biological mother in the adoption record which would assist the petitioner in establishing tribal membership.

Reversed and remanded.

ADOPTION — INDIANS — RELEASE OF RECORDS — INDIAN CHILD WELFARE ACT.

A proceeding in a probate court by an adult adoptee to secure from the adoption record information about the adoptee's biological parents to establish that the adoptee is a North American Indian eligible for tribal membership is a subsequent proceeding within the meaning of § 1923 of the Indian Child Welfare Act; the probate court either should release to the adoptee any information in the record necessary to establish tribal membership eligibility where the adoptee's biological parents have consented to the release of the information or should release such information to the appropriate tribe with a request of confidentiality where the adoptee's biological parents have not consented to the release of the information (25 USC 1917, 1923; MCL 710.67; MSA 27.3178[555.67]).

*James A. Keedy,* for the petitioner.

*Janice L. Burns,* for the biological mother.

Before: HOLBROOK, JR., P.J., and CYNAR and WEAVER, JJ.

PER CURIAM. Petitioner Elaine F. Hanson appeals as of right from a July 10, 1989, order of the Wayne County Probate Court denying her request to make her adoption records available for her inspection. Petitioner seeks to determine her American Indian ancestry by means of those records in order to establish tribal membership. We reverse and remand.

Petitioner was born on March 13, 1960, the

illegitimate daughter of a woman of Irish, Dutch, English, and Indian ancestry. Petitioner was adopted by Geraldine and William Hanson through the Wayne County Probate Court in 1961. Through a previous request for information about her biological parents, petitioner was provided with nonidentifying information, from which she learned she was part Indian.

Petitioner filed the present action for disclosure of identifying information, including the names, birth dates, and birthplaces of her biological parents, or copies of any birth certificates or death certificates. Because of her Indian ancestry, petitioner relied on § 1917 of the Indian Child Welfare Act (ICWA), 25 USC 1917, in support of her request for the information. Petitioner alleged that if she could prove that she is at least one-quarter-blood North American Indian, she would be entitled to benefits under Michigan's tuition waiver program, MCL 390.1251 *et seq.*; MSA 15.2114(1) *et seq.*, as well as be eligible for other social and economic benefits under federal law. Alternatively, petitioner argued that federal law, particularly the ICWA, constituted good cause for release of the information under state law, MCL 710.67(1); MSA 27.3178(555.67)(1).

Following a hearing on the matter, the probate court ruled that the ICWA did not apply and that petitioner had not demonstrated good cause for release of the requested information. Accordingly, the petition was denied.

On information provided by petitioner, we note that while the present appeal was pending, petitioner was able to learn the identity of her biological mother and has even met with her. Petitioner has also obtained a copy of her birth certificate. Further, petitioner's adoption records reflect that petitioner's biological mother signed a consent

form to release identifying information on November 3, 1989. By letter dated November 30, 1989, the probate court, provided petitioner the name, address, and telephone number of her biological mother, her own name before adoption, and the fact she had no siblings at the time of adoption. However, petitioner has stated on appeal that she still lacks official documentation regarding her adoption sufficient to prove that she is the person on the birth certificate, documentation which petitioner asserts is necessary in order for her to obtain tribal membership.

On these facts, we are not persuaded that this case is now moot. However, even if this case were moot, we feel that whether and to what extent an adult adoptee is entitled to access to her adoption records for information regarding Indian ancestry is an issue of public significance and is likely to reoccur in the future and still evade judicial review. *In re Forfeiture of $53,* 178 Mich App 480, 485; 444 NW2d 182 (1989). Consequently, we will address the merits of petitioner's appeal.

With respect to adoptions in which the biological parents' rights were terminated before September 12, 1980, an adult adoptee may obtain release of all information relative to a biological parent either by written consent of that parent or after the death of that parent, MCL 710.68(5); MSA 27.3178 (555.68)(5), or "upon order of a court of record for good cause shown," MCL 710.67(1); MSA 27.3178(555.67)(1). *In re Creed,* 126 Mich App 32; 337 NW2d 41 (1983), appeal after remand 128 Mich App 710; 341 NW2d 187 (1983); *In re Dixon,* 116 Mich App 763; 323 NW2d 549 (1982); see also *In re Dodge Estate,* 162 Mich App 573, 584; 413 NW2d 449 (1987).

Section 1917 of the ICWA, under which petitioner sought access to her adoption records, states:

> Upon application by an Indian individual who has reached the age of eighteen and who was the subject of an adoptive placement, the court which entered the final decree shall inform such individual of the tribal affiliation, if any, of the individual's biological parents and provide such other information as may be necessary to protect any rights flowing from the individual's tribal relationship.

That section is limited by 25 USC 1923, which provides:

> None of the provisions of this subchapter, except sections 1911(a), 1918, and 1919 of this title, shall affect a proceeding under State law for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement which was initiated or completed prior to one hundred and eighty days after November 8, 1978, *but shall apply to any subsequent proceeding in the same matter* or subsequent proceedings affecting the custody or placement of the same child. [Emphasis added.]

The trial court summarily concluded that the present action was not a "subsequent proceeding" under the statute. We have not been able to locate any other case, in this or any other jurisdiction, which is directly on point. However, we believe that an adult adoptee's petition to examine her adoption records to establish her Indian heritage is both a "subsequent proceeding" and "a proceeding under State law for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement."

We note that the Supreme Court of Alaska in *E A v Alaska,* 623 P2d 1210, 1215 (Alas, 1981), interpreted § 1923 in light of its legislative history which revealed that that section was intended to

provide an orderly phasing in of the act's effect by making its provisions inapplicable to proceedings still pending on the act's effective date. However, § 1923 would apply to any subsequent, discrete phase of the same matter or to any proceeding involving the same child initiated after enactment. *Id.* See also HR Rep No 1386, 95th Cong (2d Sess) pp 25-26, reprinted in 1978 US Code Cong & Admin News 7530, 7548.

We find the petition in this case to be just such a "subsequent proceeding" within the meaning of 25 USC 1923. However, even if we did not, we hold that, in light of the express policy of the ICWA as set forth in 25 USC 1902, "to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families," petitioner has demonstrated good cause as a matter of law for the release of any information regarding her biological mother which could assist in establishing her tribal affiliation.

Our holding also finds support in the "Guidelines for State Courts; Indian Child Custody Proceedings," issued by the Department of the Interior, Bureau of Indian Affairs, which provides in pertinent part:

G.2. Adult Adoptee Rights

(a) Upon application by an Indian individual who has reached age 18 who was the subject of an adoptive placement, the court which entered the final decree must inform such individual of the tribal affiliations, if any of the individual's biological parents and provide such other information necessary to protect any rights flowing from the individual's tribal relationship.

(b) The section applies regardless of whether or not the original adoption was subject to the provisions of the Act.

(c) Where state law prohibits revelation of the

identity of the biological parent, assistance of the Bureau of Indian Affairs shall be sought where necessary to help an adoptee who is eligible for membership in a tribe establish that right without breaching the confidentiality of the record. [44 Fed Reg 67595 (1979).]

However, while we hold that petitioner is entitled to the release of information regarding her biological mother in this case, we would also note that in cases in which the biological parents have not consented the manner in which that information is released should be tailored to best protect the privacy rights of the biological parents. *Dixon, supra,* pp 768-769. We feel that a procedure similar to that outlined in 25 USC 1951(b) would best effectuate that purpose, yet still provide the means by which the adult adoptee's tribal membership can be established. 25 USC 1951(b) provides:

Upon the request of the adopted Indian child over the age of eighteen, the adoptive or foster parents of an Indian child, or an Indian tribe, the Secretary shall disclose such information as may be necessary for the enrollment of an Indian child in the tribe in which the child may be eligible for enrollment or for determining any rights or benefits associated with that membership. *Where the documents relating to such child contain an affidavit from the biological parent or parents requesting anonymity, the Secretary shall certify to the Indian child's tribe, where the information warrants, that the child's parentage and other circumstances of birth entitle the child to enrollment under the criteria established by such tribe.* [Emphasis added.]

This procedure is echoed in subsection G.2.(c) of the guidelines set forth previously.

Consequently, where the consent of the adult

adoptee's living biological parents has not been obtained, the probate court should release the identifying information to the appropriate tribe, not the adoptee, with a request that the tribe keep the information confidential. The court should seek the assistance of the Bureau of Indian Affairs where necessary to accomplish this. It is the tribe, not the adoptee, which needs the information to establish tribal membership.

In this case, we reverse the order of the probate court and remand for a determination whether there is any further information or documentation regarding petitioner's biological mother which the court could provide to assist her in establishing tribal membership. We do not retain jurisdiction.