OPINION OF THE COURT
George B. Ceresia, Jr., S.
The adoptive child in the above proceeding has petitioned *645 the court for release of certain information identifying her biological mother and maternal grandparents to be used to verify that she is a member of the Oneida Indian Nation. Petitioner avers that with such information she would be able to be recognized by the Nation and "enjoy the rights of tribal membership to which I am entitled”.
Petitioner, who was born in 1969 and adopted in 1970 in proceedings in this court, supports her petition with a letter from the Department of Social Services, the agency which placed her for adoption. The letter states that her biological grandfather had advised the Department that he was a "full blooded, native born Indian”, and her biological mother told the caseworker that her father was "a full blooded Oneida Indian”.
OPINION
In determining whether petitioner has made the "good cause” showing required in New York to open adoption records (Domestic Relations Law § 114), the court must consider the effect of the Federal Indian Child Welfare Act (ICWA) (25 USC § 1902 et seq.). The court does not find any reported New York cases on the subject.
Congress’ declared policy in enacting the ICWA was to set minimum standards for removal of Indian children and their placement in foster or adoptive homes "to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families” (25 USC § 1902).
Other portions of the ICWA (25 USC §§ 1917, 1923) which apply to this case state:
"§ 1917. Tribal affiliation information and other information for protection of rights from tribal relationship; application of subject of adoptive placement; disclosure by court
"Upon application by an Indian individual who has reached the age of eighteen and who was the subject of an adoptive placement, the court which entered the final decree shall inform such individual of the tribal affiliation, if any, of the individual’s biological parents and provide such other information as may be necessary to protect any rights flowing from the individual’s tribal relationship.”
"§ 1923. Effective date
"None of the provisions of this title [25 USC § 1911 et seq.] * * * shall affect a proceeding under State law for foster care *646 placement, termination of parental rights, preadoptive placement, or adoptive placement which was initiated or completed prior to one hundred and eighty days after the enactment of this Act [enacted Nov. 8, 1978], but shall apply to any subsequent proceeding in the same matter or subsequent proceedings affecting the custody or placement of the same child.”
The adoption in this case took place in 1970, well before the effective date of section 1923. However, this proceeding qualifies as a "subsequent proceeding” and therefore the ICWA provisions including section 1917 apply (Matter of Hanson, 188 Mich App 392, 396-397, 470 NW2d 669, 671-672; E.A. v State, 623 P2d 1210, 1215 [Alaska]). Under section 1917’s provisions, petitioner has as a matter of law shown good cause.
The court’s file only contains the name of the biological mother and her age on the date of petitioner’s birth. As a result, and pursuant to the Federal policy of the ICWA (25 USC §§ 1902, 1951) and in line with New York State’s policy that the court have identifying information about adoptive children and their ancestors (Domestic Relations Law § 112 [2-a]; §§ 114, 115 [1] [a]), the court directed the Department of Social Services to provide its complete file for in camera review by the court. The Department’s file contained the additional requested information.
In this proceeding, the biological parents have not been noticed, and their whereabouts are apparently unknown. In a letter submitted to the court from Oneida Indian Nation Administrator Wanda Wood, the court is advised that information released to the Oneida Nation would be used only to verify if petitioner is an eligible Oneida member and would otherwise be kept confidential.
Accordingly, in order to protect the biological parents’ privacy rights and at the same time assure the petitioner’s rights under the ICWA, the petition is granted but the requested information shall be released only to the Oneida Nation Administrator with a request that the Nation keep the information confidential (Matter of Hanson, supra, at 398).