OPINION OF THE COURT
Charles F. Granby, J.
The adoptive child in the above proceeding has petitioned the court for release of certain information identifying her biological mother. The petitioner requests that the information be forwarded directly and confidentially to the enrollment manager at the Six Nations Reserve in Oshweken, Ontario, Canada, to establish that the petitioner is entitled to be enrolled as a member of the Clear Sky Band of the Onondaga Indian Nation in Oshweken, Ontario, Canada. The court has before it the petition filed, letters from the enrollment manager at Six Nations Reserve in Oshweken, Ontario, Canada, which indicate that this information is required in order to establish eligibility for enrollment, a signed consent form from the birth mother which indicates that she has no objection to the release of this information, the statement of the birth mother that both the petitioner’s birth father and the birth mother’s legal husband at the time of the birth of the child are deceased, the original adoption record, and portions of the file of the Niagara County Department of Social Services which had custody and guardianship of the petitioner at the time of the adoption. Both the petitioner and the birth mother appeared in this matter.
The petitioner was born in Niagara County, New York, and has lived in New York State during her entire life. She was adopted in 1963 in this court. Her adoptive parents are enrolled in and reside on the Tonawanda Indian Reservation in Basom, New York. Petitioner’s biological mother, who appeared in this matter and who consented to the release of this information, resides in Niagara County, New York, but is enrolled in the Clear Sky Band of the Onondaga Indian Nation in Oshweken, Ontario, Canada.
*98 Petitioner indicates that she is an Indian person who is entitled to have this information released under the provisions of the Federal Indian Child Welfare Act of 1978 ([ICWA] 25 USC § 1901 et seq.). The court must first consider whether the petitioner is an Indian person for the purposes of the Indian Child Welfare Act. ICWA § 1903 (3) defines Indian as “any person who is a member of an Indian tribe”. ICWA § 1903 (8) defines Indian tribe as “any Indian tribe, band, nation, or other organized group or community of Indians recognized as eligible for the services provided to Indians by the Secretary because of their status as Indians”.
The petitioner indicates that she is a member of the Clear Sky Band of the Onondaga Nation in Oshweken, Ontario, Canada. The Clear Sky Band of the Onondaga Nation at Oshweken, Ontario, Canada, is not a band or tribe eligible for services provided to Indians by the Secretary because it is band which is registered in Canada, not the United States. The remaining question is whether the petitioner is eligible for relief under the ICWA because she is a member of the larger Onondaga community, whose New York members are eligible for and do receive such services. The question is whether there is a sufficient historical connection between the Onondaga Nation in New York and the Onondaga Nation in Ontario to consider that the petitioner is a member of a continuous community which transcends “international borders” and is therefore an Indian person for purposes of relief under the ICWA.
It is not difficult to recall that all the land of western New York and southern Ontario was once under the control of the Six Nations, of which the Onondagas are one member Nation. The border which separates Canada from the United States is a product of the post-Revolutionary War division of this area of land between Great Britain and the American Colonies, and this border has been subsequently adopted and ratified by the United States and Canada. The existence of this border has no effect on the community of the Six Nations which lived across this land long before the imposition of this border, and who continues to maintain a posture of sovereignty even while they are surrounded on all sides by the Governments of the United States and Canada. This continuity of the Six Nations community is recognized by the United States and Canada in the right of free and uninhibited passage of people and goods across the United States/Canada border which is granted to the Six Nations under the Jay Treaty. The Six Nations *99 continues to assert claims to land across this area, and considers itself a single and continuous community. Thus, it is this court’s conclusion that the petitioner, as an Onondaga, is a member of a community which, in those bands registered in New York, is eligible for services provided to Indians by the Secretary because of their status as Indians, and is therefore an Indian person for purposes of the Indian Child Welfare Act.
New York law requires that a petitioner demonstrate “good cause” to open adoption records (Domestic Relations Law § 114). To determine whether the petitioner in this case has demonstrated good cause, the court must further consider the effect of the Federal Indian Child Welfare Act (25 USC § 1901 et seq.). ICWA § 1917 specifically requires that: “Upon application by an Indian individual who has reached the age of eighteen and who was the subject of an adoptive placement, the court which entered the final decree shall inform such individual of the tribal affiliation, if any, of the individual’s biological parents and provide such other information as may be necessary to protect any rights flowing from the individual’s tribal relationship.”
ICWA § 1923 extends provisions of the ICWA to both adoptions completed subsequent to the effective date of the ICWA and to subsequent proceedings in adoptions of Indian children which were completed prior to the effective date of the ICWA. Petitioner’s request to release information from a sealed adoption record is a subsequent proceeding under the ICWA (see, Matter of Rebecca, 158 Misc 2d 644 [Sur Ct, Rensselaer County 1993]). Having established that she is an Indian person for purposes of the ICWA and that she is entitled to relief under ICWA § 1917, petitioner has established good cause to release of the requested information as a matter of law.
Petitioner, through her own efforts, has located her birth mother, who appeared and consented orally and in writing to the release of this information to the enrollment manager at Six Nations Reserve, Oshweken, Ontario, Canada. In her signed consent, she also indicated that the petitioner’s birth father and the birth mother’s legal husband at the time of the petitioner’s birth, are deceased. There are, therefore, no objections to the release of this information.
Accordingly, the petition is granted, and the requested information shall be released to the enrollment manager at Six Na *100 tions Reserve, Oshweken, Ontario, Canada, in order to facilitate the enrollment of the petitioner in the Clear Sky Band of the Onondaga Nation.