# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF ANDREW JACKSON, by
ANGELINA JACKSON, Personal Representative,

        Plaintiff-Appellant/Cross-Appellee,

v

OAKWOOD HEALTHCARE, INC., doing
business as OAKWOOD ANNAPOLIS
HOSPITAL,

        Defendant-Appellee/Cross-
        Appellant.

UNPUBLISHED
December 7, 2017

No. 332023
Wayne Circuit Court
LC No. 14-015698-NH

---

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff Angelina Jackson, the personal representative of the estate of decedent Andrew Jackson, appeals by leave granted the trial court's order granting partial summary disposition to defendant, Oakwood Healthcare, Inc., doing business as Oakwood Annapolis Hospital (Oakwood). We vacate in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

This case arises out of the decedent's hospitalization at Oakwood and his ensuing death. Acting as personal representative of his estate, plaintiff filed suit, naming Oakwood as the sole defendant. In her original complaint, plaintiff's sole theory of recovery against Oakwood was vicarious liability (i.e., that Oakwood was liable for the negligence of its agents and employees). Before she filed suit, plaintiff served Oakwood with a statutory notice of intent (NOI), and plaintiff's original complaint was supported by two statutorily required affidavits of merit (AOMs).

Approximately eight months after she filed her original complaint, plaintiff sought leave to amend it. In support, plaintiff alleged that while deposing the MRI technician who treated the decedent at Oakwood before his death, plaintiff learned for the first time that, although Oakwood had a "rapid response team" on call to assist patients in cardiac or pulmonary arrest, the MRI technician was unaware of it. Plaintiff sought to amend her complaint to add a claim of *direct*

-1-

liability against Oakwood for its alleged "failure to adopt and implement policies and procedures concerning the utilization of rapid response teams." The trial court granted her leave to do so, and thus plaintiff filed her first amended complaint.

Plaintiff did not, however, file another AOM with her first amended complaint, nor did she serve Oakwood with an amended or supplemental NOI before filing the first amended complaint. On that basis, Oakwood subsequently moved for partial summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that the claim of *direct* liability against it should be dismissed with prejudice for plaintiff's failure to abide by the respective statutes governing NOIs and AOMs. The trial court granted Oakwood partial summary disposition, dismissing the claim of direct liability without prejudice.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *Heaton v Benton Constr Co*, 286 Mich App 528, 531; 780 NW2d 618 (2009). "Because the trial court considered evidence outside the pleadings," its summary disposition ruling is analyzed under MCR 2.116(C)(10). *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 408 n 2; 864 NW2d 591 (2014).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotations marks and citations omitted).]

"This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008). Plaintiff argues that subsequent events have rendered this appeal moot. "We review de novo whether an issue is moot." *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016).

## III. ANALYSIS

### A. MOOTNESS

In a cross-appeal, Oakwood argues that the trial court should not have permitted plaintiff to file her first amended complaint because a claim of direct liability against Oakwood would have been futile. Because the issue is moot, we decline to consider it.

"The judicial power . . . is the right to determine actual controversies arising between adverse litigants." *Anglers of AuSable, Inc v DEQ*, 489 Mich 884, 884 (2011) (quotation marks, citations, and brackets omitted), and thus "a court hearing a case in which mootness has become

apparent . . . lack[s] the power to hear the suit," *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 255 n 12; 701 NW2d 144 (2005).  In other words, "[w]here the facts of a case make clear that a litigated issue has become moot, a court is . . . bound to take note of such fact and dismiss the suit, even if the parties do not present the issue of mootness." *Id*.  This is equally true in appellate proceedings.  See, e.g., *In re MCI Telecom Complaint*, 460 Mich 396, 436; 596 NW2d 164 (1999).  "As a rule, this Court will, on its own motion, decline to consider cases that it does not have the power to determine, including those that are moot." *Id*. at 435 n 13.  An issue is moot if its resolution would "have no practical legal effect in the case" at hand, the issue "presents nothing but abstract questions of law, which do not rest upon existing facts or rights," *Anglers of AuSable, Inc*, 489 Mich at 884 (quotation marks and citation omitted), or "a subsequent event renders it impossible for the appellate court to fashion a remedy," *Garrett*, 314 Mich App at 450 (quotation marks and citation omitted).

After plaintiff commenced this interlocutory appeal, the trial court granted plaintiff leave to file a second amended complaint, and she did so.  Under MCR 2.118(A)(4), plaintiff's second amended complaint "supersedes" her first amended complaint, and thus it "is considered abandoned and withdrawn," its contents are "no longer a part of the pleader's averments," and "plaintiff cannot avail . . . herself of the allegations" it contains. *Grzesick v Cepela*, 237 Mich App 554, 562; 603 NW2d 809 (1999), quoting 61B Am Jur 2d, Pleading, pp 92-93.  Even assuming for the sake of argument that Oakwood's claim of error in regard to the first amended complaint is meritorious, that conclusion can have no practical legal effect in this case.  Rather, this issue presents nothing but abstract questions of law that are entirely unrelated to the parties' existing legal rights.

Contrastingly, the issues discussed in the remainder of this opinion are not moot.  "[A] question is not moot if it will continue to affect a [party] in some collateral way." *In re Dodge Estate*, 162 Mich App 573, 584; 413 NW2d 449 (1987).  Because of the attendant res judicata (i.e., claim preclusion) implications, "[t]he decision whether to grant dismissal with or without prejudice, by definition, determines whether a party may refile a claim or whether the claim is permanently barred." *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co of Pittsburgh, PA*, 223 Mich App 559, 562; 567 NW2d 456 (1997).  "Where a trial court dismisses a case on the merits, the plaintiff should not be allowed to refile the same suit against the same defendant and dismissal should therefore be with prejudice." *Id*. at 563.  Thus, if Oakwood is correct that it should have been granted partial summary disposition *with* prejudice, plaintiff would have been barred from reasserting her claim of direct liability against Oakwood.

## B.  NOTICE OF INTENT (NOI)

The parties offer competing arguments about whether the trial court erred in its application of the statute governing NOIs, MCL 600.2912b.  Because the trial court did not apply the proper legal test set forth in *Bush v Shabahang*, 484 Mich 156, 177-178; 772 NW2d 272 (2009), we vacate the related portion of its opinion and remand with instructions for the trial court to reconsider this issue in light of this opinion.

In applying MCL 600.2912b, the trial court relied on a legal principle gleaned from a reversed decision of this Court, *Potter v McLeary (On Remand)*, 278 Mich App 279, 286; 748 NW2d 599 (2008) (*Potter I*), rev'd 484 Mich 397 (2009).  After initially mentioning *Bush*, the

trial court cited our Supreme Court's later decision in *Potter v McLeary*, 484 Mich 397, 408; 774 NW2d 1 (2009) (*Potter II*), for the proposition that the appropriate "remedy to be applied if a notice is successfully challenged is dismissal without prejudice[.]" That quotation, however—which the trial court misattributed to *Potter II*—is actually part of *Potter II*'s block quotation of *Potter I*, which the *Potter II* Court reversed. It is axiomatic, of course, that in the wake of its reversal, *Potter I* retains "no precedential value," see *Dunn v Detroit Auto Inter-Ins Exch*, 254 Mich App 256, 262; 657 NW2d 153 (2002), and the trial court should not have relied upon it.

Because this error induced the trial court to ignore the applicable legal test set forth by our Supreme Court in *Bush*, it was not harmless. In *Bush*, our Supreme Court considered "whether a mandatory dismissal with prejudice under [MCL 600.2912b] was the intent of the Legislature." *Bush*, 484 Mich at 173. Based on an analysis of legislative history, the Court decided "that the Legislature did not intend for a defect in an NOI to be grounds for dismissal with prejudice based on § 2912b." *Id*. Instead, MCL 600.2301 should be employed to cure any defects in an NOI so long as the plaintiff made "a good-faith attempt to comply with the content requirements of § 2912b" enumerated by § 2912b(4). *Id*. at 178. MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

To establish relief under § 2301, a party must satisfy a two-pronged test: "first, whether a substantial right of a party is implicated and, second, whether a cure is in the furtherance of justice." *Bush*, 484 Mich at 177. "If both of these prongs are satisfied, a cure will be allowed 'on such terms as are just.' " *Id*. at 177-178, quoting MCL 600.2301. According to *Bush*, a defective NOI will satisfy both prongs of the test so long as the plaintiff attempted in good faith to comply with § 2912b(4). *Bush*, 484 Mich at 178. Stated differently, "only when a plaintiff has not made a good-faith attempt to comply with § 2912b(4) should a trial court consider dismissal of an action *without* prejudice." *Id*. (emphasis added). Because it is unclear whether the trial court concluded that plaintiff made a good-faith attempt to comply with the NOI requirements, remand is necessary.

Oakwood argues, however, that this Court's decision in *Gulley-Reaves v Baciewicz*, 260 Mich App 478; 679 NW2d 98 (2004), mandates summary disposition. Oakwood is correct that *Gulley-Reaves*, squarely supports the trial court's conclusion that plaintiff's original NOI was *defective* concerning plaintiff's new claim of direct liability against Oakwood. *Id*. at 487-489. But as this Court recently observed in *Kostadinovski v Harrington*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 333034); slip op at 8, *Gulley-Reaves* "was issued prior to *Bush* and the Court did not entertain an argument under MCL 600.2301." Therefore, it is *Bush*, not *Gulley-Reaves*, that "controls our analysis" of this issue. See *id*. And as *Bush* made clear, a deficiency in an NOI does not, standing alone, warrant summary disposition.

Additionally, the year after *Bush* was decided, our Supreme Court amended the court rules to provide that "unless the court allows a later challenge for good cause . . . all challenges

-4-

to a notice of intent to sue must be made by motion, filed pursuant to MCR 2.119, at the time the defendant files its first response to the complaint, whether by answer or motion[.]" MCR 2.112(L)(2)(a); *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 106; 869 NW2d 213 (2015) (VIVIANO, J., concurring in part and dissenting in part). In this case, the trial court did not analyze whether there was good cause for it to entertain Oakwood's motion for partial summary disposition despite its evident untimeliness under MCR 2.112(L)(2)(a).[1] Nor did the trial court analyze whether it was permissible under MCR 2.112(L)(2)(a) for Oakwood to challenge the NOI in a motion for summary disposition filed under MCR 2.116—not MCR 2.119. Because the trial court failed to consider or decide these issues in the first instance, we will not endeavor to decide them on appeal. See *Smit v State Farm Mut Auto Ins Co*, 207 Mich App 674, 685; 525 NW2d 528 (1994) ("[a]s a general rule, this Court declines to consider an issue that was not decided by the trial court"); see also *Kostadinovski*, ___ Mich App at ___; slip op at 10 n 7. Rather, we remand for the trial court to reconsider this issue in light of this opinion.

## C. AFFIDAVIT OF MERIT (AOM)

Oakwood argues that plaintiff's failure to file a new AOM with her first amended complaint warranted summary disposition of plaintiff's newly added claim. Contrastingly, plaintiff argues that she was not required to file an amended AOM and that, even if she *was* required to do so, the trial court erred by summarily disposing of her newly added claim rather than allowing her to amend her AOM. We agree with plaintiff that she was not required to file a new or amended AOM.

The resolution of this issue is squarely controlled by this Court's decision in *King v Reed*, 278 Mich App 504, 515; 751 NW2d 525 (2008) ("By its own terms, MCL 600.2912d(1) does not require the filing of an additional affidavit of merit with an amended complaint. This Court will not read anything into a statute that is not within the manifest intent of the Legislature, as gleaned from the language of the statute itself."). Applying the construction of MCL 600.2912d(1) announced in *King* to the facts of this case, plaintiff was not required to amend[2] her AOMs or to file a new AOM when she amended her complaint.[3] By holding otherwise, the trial court erred.

---

[1] While Oakwood filed its answer to the first amended complaint on October 6, 2015, it did not file its motion for partial summary disposition challenging the NOI until November 13, 2015. Thus, the challenge to the NOI appears to be untimely because it was not filed with the first response to the amended complaint, as required under MCR 2.112(L)(2)(a).

[2] As explained in *Ligons v Crittenton Hosp*, 490 Mich 61, 80-89; 803 NW2d 271 (2011), a 2010 amendment of the court rules afforded a new remedy for defective AOMs: amendment. AOMs filed on or after May 1, 2010 "may be amended in accordance with the terms and conditions set forth in MCR 2.118 and MCL 600.2301." MCR 2.112(L)(2)(b); *Ligons*, 490 Mich at 88.

[3] To the extent the trial court decided that *King* was "inapplicable" to this case because of minor factual differences, the trial court failed to properly observe the doctrine of vertical stare decisis. See MCR 7.215(C)(2) ("[a] published opinion of the Court of Appeals has precedential effect

-5-

## IV. CONCLUSION

We reverse the trial court's ruling regarding the AOM, vacate the portion of its opinion concerning the NOI, and remand for further proceedings consistent with this opinion. On remand, the trial court should first consider whether the NOI issue may be moot in light of any events that occurred after entry of the order appealed. If so, the trial court need take no further action on remand. But if it decides that the NOI issue is not moot, the trial court should next evaluate whether Oakwood's untimely challenge of the NOI is permissible under MCR 2.112(L)(2)(a). If so, the trial court must then decide whether MCL 600.2301 should be employed to cure any defects in plaintiff's NOI under the test set forth in *Bush*.

Reversed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

under the rule of stare decisis"); *Dana Corp v Dep't of Treasury*, 267 Mich App 690, 698; 706 NW2d 204 (2005) ("[t]he rule of stare decisis mandates that published decisions of this Court are precedential and binding on lower courts and tribunals"). Vertical stare decisis compels a court to faithfully apply the construction that a statute has previously been given by a higher court. *Baumgartner v Perry Pub Sch*, 309 Mich App 507, 531 n 37; 872 NW2d 837 (2015).