GULLEY-REAVES v BACIEWICZ

Docket No. 242699. Submitted January 13, 2004, at Detroit. Decided February 10, 2004, at 9:00 A.M. Leave to appeal sought.

Collette Gulley-Reaves brought an action in the Wayne Circuit Court against Frank A. Baciewicz, M.D., and Sinai-Grace Hospital, Inc., seeking damages for injuries sustained as a result of medical malpractice during a surgical procedure. A notice of intent to sue the defendants was filed, alleging negligent performance of the surgical procedure. The complaint filed thereafter also raised claims based on the negligent administration of anesthesia during the surgical procedure. Although the individuals charged with the administration of the anesthesia were not named as defendants, it was alleged that they were agents in fact or by estoppel of the hospital and breached the applicable standard of care. Two affidavits of merit were filed, one addressing the alleged breach of the standard of care for the surgery and the other addressing the alleged breach of the standard of care for the anesthesia. Both affidavits opined that the cause of the injury was either the surgical procedure or the insertion of a tube during the anesthesia procedure. The defendants moved for summary disposition of the allegations regarding the anesthesia procedure, claiming failure to comply with the statutory notice requirements with regard to that claim. The court, Robert L. Ziolkowski, J., denied the motion. The defendants appealed by leave granted.

The Court of Appeals *held*:

The complaint must be limited to the issues raised in the notice of intent to bring the action because the plaintiff failed to comply with the statutory notice requirements with regard to any claim involving the administration of anesthesia. The notice failed to set forth the minimal requirements to identify that the anesthesia procedure was a potential cause of the plaintiff's injury. The plaintiff did not minimally allege that the agents of the hospital that administered the anesthesia were at fault. The trial court erred in denying the motion for summary disposition. The order denying the motion must be reversed and the matter must be remanded for further proceedings.

Reversed and remanded.

*Mayer B. Gordon & Associates, P.C.* (by *Mayer B. Gordon* and *Thomas C. Miller*), for the plaintiff.

*Tanoury, Corbet, Shaw & Nauts* (by *Linda M. Garbarino, David R. Nauts* and *Anita Comorski*) for the defendants.

Before: FORT HOOD, P.J., and BANDSTRA and METER, JJ.

PER CURIAM. Defendants appeal by leave granted[1] from the trial court's denial of their motion for summary disposition. We reverse and remand for proceedings consistent with this opinion.

On March 26, 2001, plaintiff filed a notice of intent to sue defendant Dr. Frank A. Baciewicz and defendant Sinai-Grace Hospital, Inc., based on a surgical procedure that was performed on April 3, 2000. It was alleged that Dr. Baciewicz, a surgeon, supervised the performance of a mediastinoscopy on plaintiff by residents and agents of Sinai-Grace Hospital, who could not be identified from the illegible medical record. Specifically, the notice of intent alleged the following:

> The medical records reveal that you supervised and/or performed a mediastinoscopy on April 3, 2000. This procedure was performed at Sinai-Grace Hospital, a member hospital of Detroit Medical Center/Wayne State University and a hospital affiliated with Harper Hospital. The "Operative Note" signed by Dr. Baciewicz, indicates that he was "present and supervised the entire procedure". It appears that the procedure was performed by a third-year medical stu-

---

[1] Plaintiff cross-appeals from the trial court's order granting dismissal of the allegations involving the certified registered nurse anesthetist. Because of our holding regarding the deficiency of the notice of intent, the error alleged on cross-appeal is moot.

dent or a resident. The identity of the individual or individuals cannot be determined from the record for several reasons. First, the "Operative Note" does not list all the assistants, and the several operative notes of "Green Surgery MS III" team are illegible in regards to the signatures.

The mediastinoscopy resulted in paralyzed left vocal cords. The nerve damage from the procedure has caused hoarseness and pain in the area of the damage.

The standards of care for cardiothoracic surgery require that a mediastinoscopic procedure be done without damaging the vocal cords. These same standards require that any biopsy tissue be obtained without damage to the vocal cords, and that all bleeding be controlled before closing.

It is apparent that Ms. Reaves sustained a stretching injury to the left vocal cords during the mediastinoscopy, during the harvesting of the biopsy specimens, or by pressure from a post operative lesion. The standards of care were breached when the left vocal cords were not properly identified and/or were not spared from damage. This damage likely occurred because of the inexperience of the medical students or resident, who actually performed the procedure.

Dr. Baciewicz and his team needed to identify and spare the left vocal cords during the procedure or during the post operative period to have complied with applicable standards of care.

The one resident identified is Dr. Sohn. Dr. Sohn and the members of "Green Surgery MS III" are employees and/or agents of Sinai-Grace Hospital. It is impossible to determine from the records who participated in the procedure at the critical times.

Demand is made of each recipient of this notice to supply records and/or information to identify each and every health care professional who participated in the April 3, 2000 procedure.

On April 3, 2002, plaintiff filed her complaint naming defendants. The complaint also alleged that Drs. Sohn and Huang were residents of defendant hospital,

and the surgery was performed by "Defendant Baciewicz and/or Dr. Sohn and/or Dr. A Huang." It was alleged that the residents were agents of defendant hospital, and the surgeons breached the standard of care in the following manner:

> a) Cut the left recurrent laryngeal nerve inadvertently, while attempting to harvest specimens from the right peritracheal region;
> b) Cut the left recurrent laryngeal nerve while entering the trachea through an incision in the sternal notch.

However, the complaint also raised claims based on the anesthesia that was administered during the surgical procedure. Although the individuals charged with administration of the anesthesia were not named as defendants, it was alleged that they were "agents in fact or by estoppel" of defendant hospital and breached the standard of care in the complaint as follows:

> 10. Anesthesia for the above procedure was delivered by Dr. Cohen and/or C.R.N.A.[2] Schmittling. Both individuals are agents in fact or by estoppel of Defendant Sinai-Grace Hospital.
>
> *     *     *
>
> 12. Dr. Cohen and C.R.N.A. Schmittling had a duty to provide anesthesia care consistent with applicable standards of care for anesthesia.
> 13. As a result of the April 3, 2000 mediastinoscopy Plaintiff sustained damage to her left vocal cords (left recurrent laryngeal nerve).

---

[2] Although not defined by counsel, CRNA is the acronym for Certified Registered Nurse Anesthetists. See <www.aana.com/crna/careerqna.asp>.

14. The damage to the left vocal cords (left recurrent laryngeal nerve) resulted from either the surgical procedures or the anesthesia procedures.

*    *    *

16. In the alternative, Dr. Cohen and/or C.R.N.A. Schmittling breached applicable standards of care in the following ways:

a) Caused permanent damage to the left vocal cords, as a result of too much pressure during the insertion of the endo-tracheal tube; or

b) Caused permanent damage to the left vocal cords by damaging the left recurrent laryngeal nerve during a rough and traumatic insertion of the endo-tracheal tube.

17. It cannot be determined at this time which procedure, i.e., the surgery or the anesthesia, caused the nerve damage; however, one of the components was responsible for damage to the left vocal cords (left recurrent laryngeal nerve).

18. The damage to the vocal cords was a direct and proximate result of the mediastinoscopy and/or its accompanying anesthesia.

Plaintiff filed two affidavits of merit along with the complaint. The first affidavit was filed by a licensed physician and surgeon to address the breach of the standard of care for the surgery. The second affidavit, filed by a licensed physician and surgeon who was also board-certified in anesthesiology, addressed the standard of care for anesthesia. However, both affidavits opined that the cause of the alleged injury was either the surgical procedure or the insertion of the tube during the anesthesia procedure.

Defendants filed a motion for summary disposition challenging plaintiff's compliance with the statutory requirements for providing presuit notice of intent to file a medical-malpractice action. Specifically, defendants asserted that the notice of intent alleged mal-

practice with respect to the surgical procedure only. Upon the filing of the medical-malpractice complaint, defendants learned that plaintiff was also challenging the administration of the anesthesia during the surgical procedure.[3] The notice of intent allegedly did not comply with the statutory requirements because it did not advise of the claimed wrongdoing with regard to the anesthesia. That is, it did not allege a breach of the standard of care and proximate cause based on anesthesia given during the surgical procedure. Furthermore, plaintiff did not name Dr. Cohen or Nurse Schmittling in the notice of intent. Defendants acknowledged that the notice of intent included the allegation that malpractice occurred because of the actions of "Dr. Baciewicz and his team . . . ." However, this information was allegedly insufficient to alert defendants to any challenge to the administration of anesthesia. Because the statutory requirements were mandatory provisions that must be fulfilled before filing the lawsuit, defendants requested dismissal of the allegations in the complaint relating to Dr. Cohen and Nurse Schmittling pursuant to MCR 2.116(C)(7), (8), and (10).

In opposition to the motion for summary disposition, plaintiff conceded that Dr. Cohen and CRNA Schmittling were not provided specific notice of intent. However, it was alleged that their liability was premised on an agency relationship with defendant hospital, and that defendant hospital was provided with a notice of intent. Plaintiff contended that the notice of intent need not be as specific as defendants

---

[3] Defendants also moved for summary disposition on the basis of the service of the notice of intent. The issue of service was resolved at the trial court level and is not at issue on appeal.

claimed. The administration of anesthesia was a prerequisite for the surgical procedure. Plaintiff alleged that the information contained in the notice of intent revealed that "something went very wrong" during the surgical procedure. Because the anesthesia was integral to the surgery itself, defendants could discern from the notice of intent that the administration of anesthesia was also being called into question. Furthermore, the fact that the medical records grouped the procedure participants together as a "team" demonstrated how completely disingenuous it was for defendants to allege a lack of notice. The trial court denied the motion for summary disposition, concluding that the notice of intent was "all right." We granted defendants' application for leave to appeal.

Defendants allege that the complaint must be limited to the issues raised in the notice of intent because plaintiff failed to comply with the statutory notice requirements with regard to any claim involving the administration of anesthesia. We agree. The trial court's grant or denial of summary disposition is reviewed de novo. *Stone v Michigan*, 467 Mich 288, 291; 651 NW2d 64 (2002). This issue also presents questions involving statutory construction. Issues of statutory construction present questions of law that are reviewed de novo. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). This determination is accomplished by examining the plain language of the statute. *Id.* If the statutory language is unambiguous, appellate courts presume that the Legislature intended the

plainly expressed meaning and further judicial construction is neither permitted nor required. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). Under the plain meaning rule, courts must give the ordinary and accepted meaning to the mandatory word "shall" and the permissive word "may" unless to do so would frustrate the legislative intent as shown by other statutory language or by reading the statute as a whole. *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982).

MCL 600.2912b provides that before suit is brought against health professionals or health facilities, written notice of intent to file suit (not less than 182 days before the suit is filed) must be given. MCL 600.2912b(4) sets forth the requirements of the notice:

> The notice given to a health professional or health facility under this section *shall* contain a statement of at least all of the following:
>
> (a) The factual basis for the claim.
>
> (b) The applicable standard of practice or care alleged by the claimant.
>
> (c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.
>
> (d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.
>
> (e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.
>
> (f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim. [Emphasis added.]

The statute does not specifically provide direction regarding the subsequent discovery of additional claims of medical malpractice. However, the statute does contemplate filing additional notices of intent to file suit:

> After the initial notice is given to a health professional or health facility under this section, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified. [MCL 600.2912b(6).]

Additionally, upon receipt of the notice, the statute sets forth a burden on the health professional or health facility to respond:

> Within 154 days after receipt of notice under this section, the health professional or health facility against whom the claim is made *shall* furnish to the claimant or his or her authorized representative a written response that contains a statement of each of the following:
>
> (a) The factual basis for the defense to the claim.
>
> (b) The standard of practice or care that the health professional or health facility claims to be applicable to the action and that the health professional or health facility complied with that standard.
>
> (c) The manner in which it is claimed by the health professional or health facility that there was compliance with the applicable standard of practice or care.
>
> (d) The manner in which the health professional or health facility contends that the alleged negligence of the health professional or health facility was not the proximate cause of the claimant's alleged injury or alleged damage. [MCL 600.2912b(7) (emphasis added).]

Thus, the statute at issue contemplates that additional notices of intent may be filed, and the defendant is

required to respond to the notice of intent. *Browder, supra.*

"MCL 600.2912b places the burden of complying with the notice of intent requirements on the plaintiff and does not implicate a reciprocal duty on the part of the defendant to challenge any deficiencies in the notice before the complaint is filed." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 59; 642 NW2d 663 (2002). MCL 600.2912b(4) sets forth the minimal information to be contained in the notice given to the health professional or health facility, which includes the facts, standard of care, action that should have been taken, breach, proximate cause, and the names of those being notified. *Roberts, supra* at 65. The use of the word "shall" in MCL 600.2912b(4) denotes mandatory, not discretionary, action. *Roberts, supra* at 65.

Comparing the statutory requirements of the notice of intent with the notice provided to defendants, we conclude that the notice did not set forth the minimal requirements to identify that the anesthesia was a potential cause of plaintiff's injury. MCL 600.2912b(4)(c) provides that the notice of intent "shall" identify the manner in which the applicable standard of care was breached. In this case, plaintiff identified the breach of the standard of care in the surgical procedure. However, plaintiff's notice of intent was silent with regard to any breach of the standard of care during the administration of anesthesia. Plaintiff did not minimally allege that the agents of the hospital that administered the anesthesia were at fault.[4]

---

[4] "[A] hospital's vicarious liability arises because the hospital is held to have done what its agents have done." *Cox v Flint Bd of Hosp Managers,*

"The purpose of the notice requirement is to promote settlement without the need for formal litigation and reduce the cost of medical malpractice litigation while still providing compensation for meritorious medical malpractice claims that might otherwise be precluded from recovery because of litigation costs." *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 705; 575 NW2d 68 (1997). Defendant hospital was not given the opportunity to engage in any type of settlement negotiation with regard to the anesthesia claims because it was not given notice of the existence of any such claim. Moreover, MCL 600.2912b(7) provides that the health facility "shall" furnish a response to the notice by presenting a factual defense, the applicable standard of care and compliance therewith, and the basis for the contention that any alleged negligence by the health facility was not the proximate cause of injury or damage. The omission of the identification of administration of anesthesia as a breach of the standard of care and proximate cause of the alleged injury precluded defendant hospital from fulfilling its obligation to respond to the notice of intent.

Plaintiff alleges that defendants' argument regarding notice is disingenuous because the allegation that the surgical team caused the injuries was sufficient notice that "something went very wrong" during the procedure, and anesthesia is an integral part of the surgical procedure. As previously stated, the plain language of MCL 600.2912b(7) reveals that a defendant has an obligation to respond to the alleged breach of the standard of care raised in the plaintiff's

467 Mich 1, 15; 651 NW2d 356 (2003). Because documentary evidence showing the employment status of the resident surgeons, anesthesiologist, and CRNA was not presented in the lower court, we will assume for purposes of this motion that the agency allegation is true.

notice of intent. There is no obligation to raise other hypothetical or potential causes of the injury by other agents of the defendant or nonparties.[5] Furthermore, while plaintiff alleges that defendant hospital should have been on notice that the anesthesia might have been involved, plaintiff acknowledged that she did not learn of the potential cause of action until the preparation of the affidavit of merit to be filed with the lawsuit. At the hearing on defendants' motion for summary disposition, plaintiff's counsel explained how it was learned that the anesthesia might be the cause of plaintiff's injury:

> During the process of getting an affidavit of merit from the thoracic surgeon, he looked at the description of the defendant's technique in the procedure in their operative report and in that operative report it indicated that they retrieved a biopsy from the right side of the trachea. My expert said that if that's right and they weren't on the left side, then it couldn't have happened from the thoracic surgery. So there's only one other thing that could have happened, it had to happen when they inserted the endotracheal tube or orotracheal tube as it's described in the operative report. So then it was necessary to go [to] the anesthesiologist to say did this occur as a result of the anesthesiology. The anesthesiologist says well the pressure readings are all right, the insertion appears to have been done right. There's nothing in how the anesthesia's described that explained how it could have occurred during the anesthesia.

Upon learning of two potential causes of the alleged injury, plaintiff prepared and filed two affidavits of merit to support the alleged breaches of the standard

---

[5] But see MCR 2.112(K), which addresses notice of a nonparty at fault *after* the filing of a complaint.

of care that occurred during the administration of anesthesia or the surgical procedure.

On the basis of the above statements at oral argument, plaintiff conceded that the other potential cause of the injury was not presumed or known because of the allegation that "something went very wrong" in surgery. Rather, plaintiff learned of the other potential cause only during the preparation of the affidavit of merit. Therefore, plaintiff cannot hold defendants to a higher standard of knowledge and claim that the notice of intent alleging error during the surgical procedure advised them of an error in the administration of anesthesia.

Following review of the plain, *Stone, supra,* and mandatory, *Roberts, supra; Browder, supra,* language of MCL 600.2912b(4)(c), we conclude that the trial court erred in denying defendants' motion for summary disposition. Plaintiff failed to provide notice of the claim of breach of the standard of care with regard to the administration of anesthesia as required by MCL 600.2912b(4)(c).[6]

---

[6] We note that in *Roberts v Mecosta Co Gen Hosp (On Remand)*, 252 Mich App 664; 653 NW2d 441 (2002), lv gtd 468 Mich 869 (2003), this Court examined the sufficiency of the notice of intent and concluded that, when examining the notice as a whole, the statutory requirements were satisfied. Oral argument was held before the Supreme Court on December 11, 2003. However, the notice of intent filed in each case is factually specific and must be applied against the statutory requirements of MCL 600.2912b. Thus, the sufficiency of a notice of intent must be evaluated on a case-by-case basis. Moreover, in *Roberts,* the plaintiff identified in the notice of intent the alleged misdiagnosis of her problem and the true nature of her medical condition. In the present case, plaintiff alleged one breach of the standard of care, then identified a second breach of the standard of care in the complaint, without notice to defendants. An omission of an identification of a breach of the standard of care did not occur in *Roberts, supra.* Thus, the analysis and outcome do not bear upon the resolution of this case.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.