JACKSON V DETROIT MEDICAL CENTER

Docket No. 272693. Submitted January 15, 2008, at Detroit. Decided
April 8, 2008, at 9:10 a.m.

Ronald Jackson, as personal representative of the estate of Beverly
A. Bell-Jackson, deceased, brought a medical malpractice action in
the Wayne Circuit Court against the Detroit Medical Center, Sinai
Hospital of Greater Detroit, and Saab Fadi, M.D. The complaint
alleged negligence by the pharmacy and nursing staff of the
Detroit Medical Center in the dispensation, administration, and
charting of codeine prescribed for the decedent during her hospi-
talization. The accompanying affidavits of merit stated that the
decedent would not have died of codeine intoxication had the
standards of care for pharmacists and nurses concerning the
dispensation, administration, and charting of codeine been met.
Upon leave granted by the court, the plaintiff filed an amended
complaint that added an allegation that Dr. Fadi had negligently
failed to properly evaluate, treat, and monitor the decedent's low
blood-platelet level, as well as her medication regimen. Affidavits
of merit in support of the amended complaint stated that the
decedent would not have died absent Dr. Fadi's failure to evaluate,
treat, and monitor her condition and medication regimen. After an
addendum to the decedent's death certificate was added to state
that the decedent likely died from thrombotic thrombocytopenic
purpura (TTP) rather than from codeine intoxication, the plaintiff
sought leave to file a second amended complaint and affidavit of
merit stating that the decedent's death would have been avoided
had the standards of care for nurses, physicians, and laboratory
technicians in the evaluation, treatment, monitoring, and report-
ing of Beverly's condition relative to TTP been followed. The
court, Kathleen I. Macdonald, J., denied leave to file a second
amended complaint and dismissed the action with prejudice,
ruling the action barred by the statute of limitation. The plaintiff
appealed, and the defendants cross-appealed.

The Court of Appeals held:

1. The trial court erred by denying the plaintiff's motion for
leave to file a second amended complaint and by dismissing the
action on statute of limitations grounds because no affidavit of

merit filed within the period of limitations supported the theories of liability alleged in the proposed second amended complaint. An affidavit of merit is presumed valid at the time it is filed, and the filing of a complaint and affidavit of merit tolls the period of limitations until the validity of the affidavit is successfully challenged in subsequent judicial proceedings. Regardless of whether the affidavits of merit filed with original complaint were sufficient to assert the theories of liability the plaintiff now seeks to raise in the second amended complaint, the statute of limitations was tolled by the timely filing of the original complaint and affidavits of merit.

2. Whether leave to amend a pleading should be granted is a question generally left to the discretion of the trial court. In this case, because the trial court relied on the erroneous conclusion that amendment was precluded by the statute of limitations, the trial court never reached the merits of the plaintiff's request for leave to amend the complaint and the defendants' objections to that request. The case must be remanded so that the trial court can consider the parties' competing positions.

3. The plaintiff's notice of intent to sue the defendants sufficiently provided notice that the plaintiff viewed the defendants' alleged failure to evaluate, monitor, and treat the decedent's thrombocytopenia as a cause of her death.

Reversed and remanded for further proceedings.

1. LIMITATIONS OF ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — TOLLING.

The filing of a medical malpractice complaint and affidavit of merit tolls the period of limitations until the validity of the affidavit is successfully challenged in subsequent judicial proceedings.

2. ACTIONS — MEDICAL MALPRACTICE — AMENDED COMPLAINTS.

Absent an allegation that an affidavit of merit filed with an original complaint for medical malpractice failed to conform to statutory requirements with regard to the claims asserted in that complaint, subsequent affidavits of merit for subsequent amended complaints are treated as part of the pleadings, subject to liberal rules of amendment provided under the court rules (MCL 600.2912d[1]; MCR 2.118[A], [D]).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Smith & Gibson, P.C.* (by *Julie A. Gibson*), for Ronald Jackson.

*Tanoury, Corbet, Shaw, Nauts & Essad, P.L.L.C.* (by *Linda M. Garbarino, Anita Comorski*, and *Kenneth M. Essad*), for the Detroit Medical Center and others.

Before: MURRAY, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM. In this medical malpractice action, plaintiff Ronald Jackson, as personal representative of the estate of Beverly Ann Bell-Jackson, appeals as of right the trial court's order denying his renewed motion for leave to file a second amended complaint and dismissing the action with prejudice on statute of limitations grounds. Defendants Detroit Medical Center, Sinai Hospital of Greater Detroit (Sinai Grace Hospital), and Saab Fadi, M.D., cross-appeal from this same order. Because we conclude that the period of limitations for asserting the theories alleged in plaintiff's proposed amended complaint had not yet expired, we reverse the trial court's order denying plaintiff's renewed motion for leave to file a second amended complaint and dismissing the action with prejudice, and we remand this matter to the trial court.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from the December 25, 2002, death of plaintiff's wife, Beverly Ann Bell-Jackson, while being treated at Sinai Grace Hospital. Beverly was transported to the hospital by ambulance at approximately 8:40 a.m. on December 24, 2002, with complaints of nausea, vomiting, and general body aches. After subsequent testing revealed evidence of thrombocytopenia[1] and renal insufficiency, Beverly was admit-

---

[1] As explained by the Mayo Foundation for Medical Education and Research, "[t]hrombocytopenia is the medical term for a low platelet count." <http://www.mayoclinic.com/health/thrombocytopenia/DS00691>

ted to the hospital for treatment and further evaluation. Beverly was subsequently given morphine, acetaminophen with codeine, and other medications at various times throughout the day. During the late evening hours of December 24, 2002, Beverly began to complain of pain in her arms and legs, which she asserted she could no longer move at will. Hospital nursing staff subsequently contacted resident physician Saab Fadi, M.D., who indicated that he would see Beverly when he made his rounds later that evening. Sometime after midnight on December 25, 2002, however, nursing staff found Beverly unresponsive. Subsequent efforts to resuscitate Beverly failed, and she was pronounced dead at 1:05 a.m. Following an autopsy and postmortem toxicological analysis, then-Wayne County Medical Examiner Sawait Kanluen, M.D., determined that Beverly died as a result of acute codeine intoxication.

### A. ORIGINAL AND FIRST AMENDED COMPLAINT

Plaintiff brought the instant malpractice suit against Detroit Medical Center and Sinai Grace Hospital on December 22, 2004. The complaint filed by plaintiff at that time alleged negligence by pharmacy and nursing staff in the dispensation, administration, and charting of the codeine distributed to Beverly in December 2002. In support of these allegations and in accordance with MCL 600.2912d, plaintiff also submitted affidavits of merit averring that if the codeine received by Beverly had been dispensed, administered, and charted in a

---

(accessed April 4, 2008). "Platelets (thrombocytes) are colorless blood cells that play an important part in blood clotting. They stop blood loss by clumping together at the site of a blood vessel injury and forming plugs in vessel holes." *Id.* "If for any reason [a person's] blood platelet count falls below normal, this is called thrombocytopenia." *Id.*

manner consistent with the applicable standards of care for pharmacists and nurses, Beverly would not have died as a result of codeine intoxication.

In June 2005 plaintiff sought and was granted leave to file a first amended complaint. The amended complaint, filed by plaintiff on June 15, 2005, added Dr. Fadi and attending physician Elizabeth Bekui, M.D., as defendants in this matter.[2] With regard to the institutional defendants, the first amended complaint again alleged pharmacy and nursing negligence in the dispensation, administration, and charting of codeine. The first amended complaint further alleged, however, that Drs. Bekui and Fadi had also negligently failed to properly evaluate, treat, and monitor Beverly's low blood-platelet level, as well as her medication regimen. In support of the allegations contained in the first amended complaint, plaintiff submitted newly executed affidavits of merit additionally averring that Beverly would likely not have died absent the failure of Drs. Bekui and Fadi to properly evaluate, treat, and monitor both her condition and medication regimen.

### B. REVISED POSTMORTEM REPORT AND PROPOSED SECOND AMENDED COMPLAINT

In February 2006, defendants requested that the current Wayne County Medical Examiner, Carl Schmidt, M.D., review the cause-of-death determination previously made by the now-retired Dr. Kanluen. Shortly thereafter, and without knowledge of defendants' contact with Dr. Schmidt, plaintiff sought leave to file a second amended complaint on the basis of information recently obtained by plaintiff during discovery. In addition to "refining" the factual basis for his

---

[2] Dr. Bekui was subsequently dismissed from this matter on stipulation by the parties.

theories related to the dispensation, administration, and charting of the codeine received by Beverly, plaintiff sought to add allegations that a laboratory analysis conducted at approximately 9:00 p.m. on December 24, 2002, revealed that Beverly's blood-platelet level had by that time decreased to an amount deemed by the hospital to be a "panic value." Relative to this fact, plaintiff additionally sought to allege that the nurses responsible for Beverly's care negligently failed to monitor laboratory analyses of her blood chemistry and report her declining condition to a physician or nursing supervisor. Also relative to this fact, plaintiff sought to additionally allege that Drs. Bekui and Fadi negligently failed to order that the nurses responsible for Beverly's care "timely repeat blood chemistries" and report any abnormalities in the analyses to appropriate personnel.

At a hearing on plaintiff's motion held on April 7, 2006, counsel for plaintiff indicated that she had received from defense counsel, late the previous day, an addendum to Beverly's death certificate in which Dr. Schmidt indicated that Dr. Kanluen was incorrect in his determination of the cause of death, and that her death in fact likely resulted from a blood disorder known as thrombotic thrombocytopenic purpura (TTP).[3] Counsel

---

[3] Specifically, after indicating that the autopsy and postmortem toxicology report do not support that Beverly died as a result of acute codeine intoxication, the addendum, issued by Dr. Schmidt on March 31, 2006, states in relevant part:

> The diagnostic picture is ... that of a microangiopathic hemolytic anemia of unknown etiology, and the death certificate is amended accordingly. It is likely that it was TTP because of the rapid clinical course, but the patient did not live long enough for confirmatory tests to be done. This is a natural cause of death.

According to the Mayo Foundation for Medical Education and Research, TTP is a "life-threatening condition that occurs when small blood clots suddenly form throughout [a person's] body, using up large

thus requested additional time to revise the proposed second amended complaint to account for the newly determined cause of death. The trial court subsequently dismissed the motion without prejudice and ordered plaintiff to refile the motion when final copies of the proposed second amended complaint and supporting affidavits were ready.

On June 5, 2006, plaintiff filed a "renewed motion for leave to file a second amended complaint" along with final copies of the proposed second amended complaint and supporting affidavits from a registered nurse, two physicians, and a laboratory technician. Neither the complaint nor any of the four supporting affidavits referenced codeine intoxication as a cause or contributing factor to Beverly's death. Rather, these documents generally alleged and averred that Beverly's death would have been avoided if the standards of care for nurses, physicians, and laboratory technicians in the evaluation, treatment, monitoring, and reporting of Beverly's condition relative to TTP had been followed.

Defendants challenged the proposed amendments on several grounds, including that the theories of liability alleged in the proposed amended complaint and supporting affidavits were not raised in plaintiff's notices of intent, as required by MCL 600.2912b. Alternatively, defendants argued that if, as plaintiff asserted, the prior notices of intent were sufficient to encompass a possible claim arising from defendants' evaluation and treatment of Beverly's low blood-platelet level, there was no excuse for plaintiff's having failed to include such a claim in either his original or first amended complaint.

---

numbers of platelets," thereby causing a shortage of platelets in the blood stream. <http://www.mayoclinic.com/health/thrombocytopenia/DS00691/DSECTION=3> (accessed April 4, 2008).

Regardless, defendants argued, a medical malpractice plaintiff may not amend the complaint with new affidavits of merit where, as here, the period of limitations for asserting such claims has expired. The trial court agreed with this latter argument, denied plaintiff's renewed motion for leave to file a second amended complaint, and dismissed the case with prejudice on statute of limitations grounds. These appeals followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by denying his renewed motion for leave to file a second amended complaint and by dismissing the entirety of his suit for medical malpractice on statute of limitations grounds because no affidavit of merit filed within the period of limitations supported the theories of liability alleged in the proposed amended complaint. We agree.[4] Although this Court reviews for an abuse of discretion a trial court's decision to grant or deny leave to amend a pleading, *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997), the summary dismissal of an action on the ground that it is barred by the statute of limitations is reviewed de novo on appeal, see *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 419; 684 NW2d 864 (2004).

---

[4] Plaintiff additionally argues that the trial court's decision to deny his motion to amend the complaints and dismiss the action is not supported by the plain language of MCL 600.2912d, which he asserts requires only that an affidavit of merit be filed with the complaint initiating the action. Because plaintiff in fact provided new or amended affidavits of merit with his proposed second amended complaint, we need not decide the question whether the affidavit requirement of MCL 600.2912d applies to theories of liability alleged in an amended complaint, as resolution of that question is not necessary under the facts of this case.

A. STATUTE OF LIMITATIONS

It is now well settled that to commence a medical malpractice action and thereby toll the running of the period of limitations, a plaintiff must file both a complaint and the affidavit of merit required by MCL 600.2912d(1).[5] *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000) ("for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit") (citation and internal quotation marks omitted). Relying on *Scarsella*, defendants successfully argued below that the period of limitations for asserting the theories of liability alleged in the second amended complaint proposed by plaintiff had expired, and that plaintiff's

---

[5] MCL 600.2912d(1) provides, in pertinent part:

[T]he plaintiff in an action alleging medical malpractice . . . shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]. The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:

(a) The applicable standard of practice or care.

(b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.

(c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.

(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

withdrawal of the theories alleged in its earlier filed complaints required that his suit be dismissed as precluded by the statute of limitations. As support for this argument, defendants cited *Mouradian v Goldberg*, 256 Mich App 566, 574; 664 NW2d 805 (2003), and *Geralds v Munson Healthcare*, 259 Mich App 225, 235-240; 673 NW2d 792 (2003), in which different panels of this Court concluded that an affidavit of merit that does not meet the requirements of MCL 600.2912d(1) does not constitute an effective affidavit for purposes of that statute and, therefore, is insufficient to commence a medical malpractice action. Under *Mouradian* and *Geralds*, defendants argued, a plaintiff's action for medical malpractice must be dismissed with prejudice if, before the expiration of the two-year period of limitations, the plaintiff failed to file with the complaint an affidavit of merit that complies with MCL 600.2912d. Asserting that, insofar as the affidavits filed by plaintiff within this period failed to comply with the statute because they did not address the theories alleged in his proposed second amended complaint, defendants argued that the instant action must be dismissed. The trial court apparently agreed and reluctantly dismissed plaintiff's suit with prejudice.

Our Supreme Court, however, has since overruled *Mouradian* and *Geralds*, determining that they are "inconsistent with *Scarsella* and MCL 600.5856(a)." See *Kirkaldy v Rim*, 478 Mich 581, 583, 585; 734 NW2d 201 (2007).[6] Rather, concluding that an affidavit of merit is presumed valid at the time it is filed, the Court held in *Kirkaldy* that the filing of "a complaint and

_____

[6] Pursuant to MCL 600.5856(a), statutes of limitations or repose are tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules."

affidavit of merit toll[s] the period of limitations until the validity of the affidavit is successfully challenged in 'subsequent judicial proceedings.' " *Id.* at 586, quoting *Saffian v Simmons*, 477 Mich 8, 13; 727 NW2d 132 (2007). We conclude that under *Kirkaldy*, *supra*, dismissal of plaintiff's suit as being precluded by the statute of limitations was improper.

In this case, plaintiff's claim for malpractice accrued at its earliest upon Beverly's admission to the hospital on December 24, 2002. Following Beverly's death on December 25, 2002, plaintiff provided defendants notice of his intent to file suit on October 23, 2003, November 19, 2004, and December 16, 2004. Defendants do not dispute that, under these facts, the period of limitations would not have expired until June 24, 2005. Plaintiff, however, filed his original complaint and affidavits of merit asserting negligence in the dispensation, administration, and monitoring of codeine on December 22, 2004, more than six months before expiration of the period of limitations. Under *Kirkaldy*, *supra*, regardless of whether the affidavits of merit filed at that time or in connection with plaintiff's first amended complaint were in fact sufficient to assert the theories of liability plaintiff now seeks to raise in compliance with MCL 600.2912d(1), the statute of limitations was tolled by the filing of the original complaint and affidavits of merit on December 22, 2004. Thus, contrary to defendants argument below, the period for asserting a claim for malpractice arising from defendants' evaluation and treatment of Beverly's thrombocytopenia in December 2002 had not expired at the time plaintiff sought to again amend the complaint in June 2006. The trial court therefore erred in denying plaintiff's motion for leave to amend the complaint and by dismissing his suit on the ground that the period of limitations for asserting these new claims had expired. *Bryant*, *supra* at 419;

see also *Bynum v ESAB Group, Inc*, 467 Mich 280, 283; 651 NW2d 383 (2002) ("Where the trial court misapprehends the law to be applied, an abuse of discretion occurs.").

### B. PROPRIETY OF AMENDING THE PLEADINGS

#### 1. AMENDMENT VERSUS DISMISSAL OF THE ACTION

Having concluded that dismissal on statute of limitations grounds was error, the question becomes whether leave to amend the complaint and associated affidavits to assert liability under these new theories is appropriate. Plaintiff argues that the affidavits of merit are part of the pleadings, subject to the liberal rules of amendment provided for under MCR 2.118(A) and the relation-back provisions of MCR 2.118(D). This argument is supported by *Barnett v Hidalgo*, 478 Mich 151, 160-161; 732 NW2d 472 (2007), in which the Court held that the affidavits of merit required by MCL 600.2912d(1) are "part of the pleadings" in a medical malpractice case, and are therefore admissible at trial as an admission by a party-opponent under MRE 801(d)(2)(B) and (C). See also *Kowalski v Fiutowski*, 247 Mich App 156, 164; 635 NW2d 502 (2001) (where this Court held that "when a defendant fails to file an affidavit of meritorious defense, that defendant has failed to plead"). In *Kirkaldy*, however, the Court indicated that where an affidavit of merit is found to be defective, i.e., fails to conform to the requirements of MCL 600.2912d(1), "the proper remedy is dismissal without prejudice." *Kirkaldy, supra* at 586, citing *Scarsella, supra* at 551-552. The plaintiff may then use "whatever time remains in the period of limitations . . . to file a complaint accompanied by a conforming affidavit of merit." *Id*. Here, there is no allegation that the affidavits of merit filed by plaintiff with his original and

first amended complaints failed to conform to the requirements of MCL 600.2912d with regard to the claims asserted in those pleadings. Nor do defendants contend that the affidavits submitted by plaintiff for filing with the proposed second amended complaint fail to meet the statutory requirements for attesting to the merits of his new theories of liability. Rather, it is alleged that the averments contained in the affidavits submitted in support of the amended complaint were required to have been asserted in an affidavit filed before expiration of the period of limitations. As already discussed, however, the period of limitations for asserting claims arising from defendants' evaluation and treatment of Beverly in December 2002 has not yet run its full length. Thus, under the facts of this case, we conclude that application of the general rules for amendment of pleadings, as opposed to the remedy provided for in *Kirkaldy*, is appropriate.

However, the determination whether leave to amend should be granted is a question generally left to the discretion of the trial court. *Weymers, supra.* Here, because it relied on the erroneous conclusion that amendment was precluded by the statute of limitations, the trial court never reached the merits of plaintiff's request for leave to amend and defendants' objections thereto. Accordingly, this matter must be remanded to the trial court for consideration of the merits of the parties' competing positions.

## 2. SUFFICIENCY OF NOTICE OF INTENT

Defendants also claim, however, that the amendment proposed by plaintiff is precluded because the notices of intent provided by plaintiff failed to give the notice required by MCL 600.2912b. Although the trial court tentatively concluded that the notices of intent were

sufficient for this purpose, whether the notices of intent provided by plaintiff comply with the requirements of MCL 600.2912b is a question of law reviewed de novo by this Court. See, generally, *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich 679, 685; 684 NW2d 711 (2004).

MCL 600.2912b provides that before a suit for malpractice is brought against a health professional or facility, written notice of intent to file suit must be given not less than 182 days before the suit is filed. MCL 600.2912b(4) sets forth the minimal information to be contained in the notice given to the health professional or facility, which includes the facts, standard of care, action that should have been taken, breach, proximate cause, and names of those being notified. *Roberts, supra* at 685-686. In *Gulley-Reaves v Baciewicz*, 260 Mich App 478, 484, 487; 679 NW2d 98 (2004), this Court concluded that the plaintiff's failure to comply with MCL 600.2912b by alleging in her notice of intent a breach of the standard of care and proximate cause regarding anesthesia given during a surgical procedure precluded the plaintiff from alleging negligence in the anesthesia process as a theory of liability in his complaint. Relying on *Gulley-Reaves*, defendants assert that while plaintiff arguably asserted general negligence in the evaluation and treatment of the decedent's low platelet level in his notices of intent, he did not assert that such negligence contributed to the decedent's death. Thus, defendants argue, plaintiff failed to give the notice required by MCL 600.2912b with regard to the treatment and evaluation of the decedent's low platelet level, and cannot now raise theories related to those matters in his complaint. We disagree.

In addition to asserting breaches of the standard of care for the dispensation, administration, and monitor-

ing of medication as a proximate cause of his decedent's death, plaintiff's December 16, 2004, notice of intent specifically asserted that, "[a]s a direct and proximate result" of defendants' failure to

> evaluate, monitor, and treat Mrs. Jackson's condition of thrombocytopenia, including thrombotic thrombocytopenic purpura (TTP), and its association with her cardiac, respiratory, renal and hepatic dysfunction, . . . [and to] seek timely consultation from a hematologist to assist in the evaluation and treatment of Mrs. Jackson's thrombocytopenia.

> \* \* \*

> Mrs. Jackson suffered cardio and/or respiratory failure, and/or Codeine intoxication or overdose, which was neither timely detected nor treated, and resulted in her death.

Thus, there is no merit to defendants' claim that plaintiff's notices of intent failed to assert that defendants' failure to properly evaluate and treat the decedent's low blood-platelet level was a proximate cause of the decedent's death. To the contrary, the December 16, 2004, notice of intent specifically provided notice that plaintiff viewed defendants' alleged failure to evaluate, monitor, and treat the decedent's thrombocytopenia as a cause of her death.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.