# STATE OF MICHIGAN

# COURT OF APPEALS

RALPH BANKSTON,

Plaintiff-Appellant,

v

DR. AVERY JACKSON,

Defendant-Appellee.

UNPUBLISHED
August 16, 2018

No. 338531
Genesee Circuit Court
LC No. 16-107095-NI

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion to set aside a default and default judgment, and dismissing this medical malpractice case with prejudice. We affirm.

This action arises out of back surgeries performed on plaintiff at Genesys Hospital by defendant, a neurosurgeon, on February 20, 2014 and February 25, 2014.

On June 9, 2016, plaintiff filed this medical malpractice action. On October 25, 2016, after defendant failed to respond to the summons and complaint, plaintiff filed a request for entry of a default. Attached to the request was a copy of a certified mail receipt showing that the summons and a copy of the complaint were sent to the main address for Genesys Hospital, 1 Genesys Parkway in Grand Blanc, and were received on August 3, 2016. On October 28, 2016, the default was entered. On November 18, 2016, plaintiff filed a motion for entry of a default judgment in the amount of $125,000. On December 12, 2016, the trial court entered a default judgment against defendant in the amount of $125,000.

On January 9, 2017, defendant filed a motion to set aside the default and default judgment, arguing that he was never served with the summons and complaint. The summons and complaint were sent to 1 Genesys Parkway, which was not defendant's office or residential address. And the certified mail receipt was signed by an employee of Genesys Hospital, Mike Wagner, not defendant. Further, defendant noted, plaintiff had previously sent a notice of intent to file a complaint to defendant's office, located on the Genesys Hospital campus at 4620 Genesys Parkway, which defendant received. Defendant argued that plaintiff deliberately sent the summons and complaint to the 1 Genesys Parkway address, despite knowing that defendant's professional address was 4620 Genesys Parkway, so that defendant could not timely respond to the lawsuit. Thus, defendant argued, his motion should be granted.

-1-

Plaintiff responded to defendant's motion to set aside the default and default judgment, arguing that the summons and complaint were properly served on defendant because they were delivered to an intraoffice mailbox belonging to defendant on the campus of Genesys Hospital. Plaintiff requested an evidentiary hearing to determine whether defendant actually received the summons and complaint.

Defendant filed a reply to plaintiff's response, arguing that he was not properly served with process so all subsequent proceedings were void. Further, the two-year statute of limitations expired on August 20, 2016 and, because the summons expired on September 8, 2016 without proper service, plaintiff's complaint must be dismissed with prejudice.

Following a hearing on defendant's motion, an evidentiary hearing was conducted on the issue whether defendant was properly served. At the evidentiary hearing, Wagner testified that he worked at Genesys Hospital and was responsible for signing certified mail receipt forms. Wagner signed the certified mail receipt form for the summons and complaint at issue, and agreed that the receipt indicated that it had been received on August 3, 2016.

Sandra Eder, Genesys Hospital's mail clerk, testified that she frequently delivered mail to defendant's intraoffice mailbox, which was located in the doctor's lounge on the first floor of the hospital. Eder did not specifically remember placing the summons and complaint in defendant's mailbox, but testified that she would have been the person who delivered it if it had been received by the hospital. Eder stated that the mailboxes were simply unlocked drawers with each individual doctor's name on the front; they were not the same as an assigned post office box, which would be locked. Eder agreed that anyone could take mail from the mailboxes because they were not locked.

Lisa O'Connor, defendant's office manager, testified that she received a copy of the notice of intent to file a complaint, as well as a copy of the default judgment, but never received the summons and complaint. O'Connor was responsible for collecting mail from defendant's mailbox in the doctor's lounge, but testified that that mailbox was generally only used for intraoffice communications.

Colleen Dumsa, an agent employed by defendant's medical malpractice insurance provider, Coverys, testified that she received a copy of plaintiff's notice of intent to file a complaint. Dumsa was aware of the statute of limitations for filing a medical malpractice complaint, and waited for the summons and complaint to be sent to Coverys. The statute of limitations for filing a complaint expired, and Dumsa had not received the summons and complaint so she closed the file pertaining to plaintiff's claim.

Following the evidentiary hearing plaintiff filed a supplemental response to defendant's motion, arguing that the manner in which the summons and complaint were served was "reasonably calculated to apprise [defendant] of the pendency of the action." Further, plaintiff claimed, the statute of limitations was tolled when the complaint was filed and a copy of it was served on defendant.

Defendant filed a reply to plaintiff's supplemental response, arguing that he was "never served with the Summons and Complaint either personally or by registered or certified mail,

return receipt requested, and *delivery restricted to the addressee*, as required by MCR 2.105." Accordingly, because the statute of limitations had expired, the case must be dismissed with prejudice.

On April 24, 2017, the trial court granted defendant's motion to set aside the default and default judgment, concluding that plaintiff failed to properly serve defendant with the summons and complaint, and that defendant did not have actual notice of the lawsuit. The trial court noted that there was no definite proof that anyone employed by defendant had picked up the summons and complaint from defendant's mailbox in the doctor's lounge, or that the summons and complaint had been properly delivered to defendant's mailbox in the first place. The trial court observed that both plaintiff and defendant seemed to agree that "the applicable rule pertaining to service would require that [defendant] be served at his office and by mailing [via] restricted delivery," but that plaintiff had not personally served defendant or utilized a certified, restricted mail delivery service. The trial court noted:

> This is why we have rules about service. This is why we demand the definiteness of a signature when a lawsuit is served by mail. This is why it's spelled out in the court rules . . . precisely for things like this that, well, wait a second, the ma[il] guy picked it up, then the mail lady got it, then she put it in his—you know, he probably got it . . . . But I think that [defendant] didn't have actual notice.
>
> * * *
>
> I'm not thrilled with it, but that's the court's decision. There was no service. The default is set aside. The default judgment is set aside, and it seems to me that the dismissal that I have to enter is a dismissal with prejudice because the statute of limitations, although there was 75 days left and you can get tolling by service, okay, even if service is defective. I'm not finding that it was defective. I'm finding there wasn't any [service], and you can't toll with no service. You can toll with defective service, but you can't toll with no service.

Accordingly, the trial court dismissed the case with prejudice. This appeal followed.

Plaintiff argues that defendant had sufficient notice of this lawsuit because the summons and complaint were delivered to defendant's mailbox at the hospital where defendant worked. We disagree.

"A trial court's decision regarding a motion to set aside a default judgment is reviewed for an abuse of discretion." *Lawrence M Clarke, Inc v Richco Const, Inc*, 489 Mich 265, 272; 803 NW2d 151 (2011). An abuse of discretion occurs when the trial court "reaches a decision that falls outside the range of principled outcomes." *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). We also review de novo the summary dismissal of a case on the ground that it is barred by the statute of limitations. *Jackson v Detroit Med Ctr*, 278 Mich App 532, 539; 753 NW2d 635 (2008).

MCR 2.105, which governs how process may be served, states that a plaintiff may serve a defendant with process in the following ways:

-3-

**(A) Individuals.** Process may be served on a resident or nonresident individual by

(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(H)(1) also provides that "[s]ervice of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process." MCR 2.104(A)(1) provides the requirements for a proper proof of service, stating in relevant part that proof of service may be made by "written acknowledgment of the receipt of a summons and a copy of the complaint, dated and signed by the person to whom the service is directed or by a person authorized under these rules to receive the service of process[.]"

In this case, the certified mail return receipt card indicates that the documents were sent by certified mail to 1 Genesys Parkway, and delivery was not restricted to defendant. MCR 2.105(A)(2) restricts certified mail delivery to the specific defendant named in the lawsuit to avoid disputes regarding whether a defendant was actually served or refused service. See *Bullington v Corbell*, 293 Mich App 549, 557; 809 NW2d 657 (2011). Further, the hospital employee who signed the certified mail receipt may have been an agent for the hospital, but there was no evidence that he was "an agent authorized by written appointment or by law to receive service of process" on behalf of defendant. MCR 2.105(H)(1).

Plaintiff argues that the trial court abused its discretion in granting defendant's motion to set aside the default and default judgment, despite the fact that defendant was not served with process in accordance with MCR 2.105, because process may be served in any manner that is calculated to apprise a defendant of the pendency of the action. In support of this assertion, plaintiff cites to *Krueger v Williams*, 410 Mich 144; 300 NW2d 910 (1981), a case in which our Supreme Court stated that "[d]ue process requirements are satisfied if the method of imparting notice is reasonably calculated under all the circumstances to afford notice." *Id*. at 165. Plaintiff's argument is unpersuasive. In *Krueger*, the plaintiff could not locate the defendant in order to effect service of process despite diligent efforts in that regard, including hiring an investigator. *Id*. at 153. The plaintiff then sought approval from the trial court to allow *substituted* service upon the defendant by service on the defendant's liability insurer. *Id*. The trial court refused the request, but our Supreme Court held that, under the circumstance of that case, constructive service was permissible. *Id*. at 164. The Court noted that: "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id*. at 168. Clearly, then, the holding in *Krueger* does not apply to the facts of this case. That is, plaintiff was not seeking an order for substituted service because of an absentee defendant. Plaintiff knew where defendant was located—in his office at 4620 Genesys Parkway.

This Court has explained "that service-of-process rules are intended to satisfy the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses." *Bunner v Blow-Rite Insulation Co*, 162 Mich App 669, 673-674; 413 NW2d 474 (1987). Likewise, MCR 2.105(J)(1) provides:

> Provisions for service of process contained in these rules are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances.

In this case, plaintiff wholly failed to employ either the best means available or methods reasonably calculated to give defendant actual notice of the lawsuit. The summons and complaint should have been mailed to defendant's professional address at 4620 Genesys Parkway by registered or certified mail, return receipt requested, with delivery restricted to defendant. Plaintiff had mailed the notice of intent to this address and, thus, clearly knew it was defendant's proper address. Accordingly, we agree with the trial court that defendant was not properly served.

When a defendant is not personally notified of an action, a trial court may grant relief from a default judgment under MCR 2.612(B), which provides:

> **(B) Defendant Not Personally Notified.** A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings . . . .

To be entitled to relief under MCR 2.612(B), defendant was required to show that he did not have actual knowledge of the pending action. See *Lawrence M Clarke*, 489 Mich at 275-276.

On appeal, plaintiff argues that there was a question of fact as to whether defendant actually received the summons and complaint in his mailbox located in the physician's lounge at Genesys Hospital and, thus, had actual knowledge of the pending lawsuit. We cannot agree. Defendant filed an affidavit in the trial court in support of his motion to set aside the default and default judgment stating that he had no knowledge that a complaint was filed against him until he received a copy of the default judgment in December 2016. Defendant also testified at the evidentiary hearing that he had received no notice, by any means, of this lawsuit until he received the default judgment in December 2016. Defendant's testimony that he had no actual knowledge that this action was pending against him was unrefuted by any evidence to the contrary. Plaintiff merely claims that defendant *should have had* knowledge of the action because the summons and complaint were sent to the hospital where defendant works; they were signed for by a hospital employee; and then they were possibly delivered by the hospital's mail clerk to defendant's unlocked drawer in the physician's lounge where some member of defendant's staff might have retrieved them. Clearly, plaintiff's claim rests entirely on speculation and conjecture. As discussed above, plaintiff's "attempt" to serve defendant was

inadequate and not reasonably calculated to provide defendant with actual knowledge of this lawsuit; thus, defendant was entitled to relief under MCR 2.612(B). Accordingly, the trial court did not abuse its discretion by granting defendant's motion to set aside the default and default judgment. See *Huntington Nat'l Bank*, 292 Mich App at 383.

Next, plaintiff argues that his case should not have been dismissed because the statute of limitations was tolled "during the time the complaint was served at [defendant's] box at Genesys Hospital prior to defendant filing its [sic] motions[.]" We disagree.

The statute of limitations for a medical malpractice action is two years. *Jackson*, 278 Mich App at 541. Plaintiff and defendant agree that as of June 9, 2016, the date on which plaintiff filed his complaint, there were 75 days left in the two-year statute of limitations period. Plaintiff argues that the statute of limitations period was tolled as of August 3, 2016, the date that is stamped on the certified mail receipt form for the summons and complaint delivered to Genesys Hospital. The tolling of statutes of limitations is governed by MCL 600.5856, which states:

> The statutes of limitations or repose are tolled . . . . :
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

As discussed above, however, the summons and complaint were not "served on" defendant before the summons expired. MCL 600.5856(a). Therefore, the statute of limitations was not tolled and, as a result, the statute of limitations expired without proper service of process being effected upon defendant. "[I]f the statute of limitations has already expired, the case must be dismissed with prejudice." *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 80; 869 NW2d 213 (2015). Consequently, the trial court properly dismissed plaintiff's case with prejudice.

Affirmed. Defendant is entitled to costs as the prevailing party. See MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly